FEARON LUMBER & VENEER CO. v. ARNO C. ROBINSON, AUD.

1. **Taxpayer not Required to Appeal to State Tax Commission before Suit to Enjoin Arbitrary Addition to Tax Return by City Board of Review.**

   When a taxpayer claims that a city board of review has made an addition to his tax return arbitrarily and without evidence, it is not necessary to appeal to the tax commission of Ohio before plaintiff can bring suit to enjoin the levy of such addition.

2. **Auditor Placing Tax Addition on Treasurer's Duplicate but not on Original Tax List Enjoinable.**

   When the county auditor has placed such addition on the treasurer's duplicate but not on the original tax list provided for by Sec. 2583, G. C., the levy is not complete and the auditor may be enjoined.

3. **Essentials to Adding Taxes to Corporation Returns.**

   The language "any list returned under oath" as used in Sec. 5592, G. C., comprises the return of corporations as well as individuals, and before adding to the tax return of a corporation the board of review must comply with the provisions of such section.

4. **Insufficient Statement on Journal as to Additions to Corporate Property.**

   A statement on the journal of the board of review in these words: "The board devoted the day to reviewing the personal returns of the various lumber companies and made additions as shown, the Fearon Lumber Company on own statement and information. add item 12a $24,647.00"—is not such a statement as required by Sec. 5592, G. C.

   [Syllabus by the court.]

APPEAL from common pleas court.

September 29, 1911, the plaintiff, an Ohio corporation, brought suit against the auditor of Lawrence county to enjoin him from adding $24,647 to the personal property return of the plaintiff made by it to such auditor May 27, 1911, and from entering said sum against it on the tax list and duplicate of said county. Plaintiff avers that it made a true and correct return, under oath, of all its property which could be legally

·charged against it under item 12b—"Average value of all articles on hand during the year or part thereof, previous to the first of April, 1911, which have been by me manufactured ·or changed in any way, either by combination, rectifying, refining or adding thereto   *   *   *   "   in the sum of $34,104; that the board of review of the city of Ironton, Ohio, without any notice to the plaintiff to show cause why the valuation of its property should not be increased or without making any ·statement of the facts upon which such addition was made and without evidence, except the tax statement of the plaintiff, added to the return of plaintiff, under item 12b, $24,647; that the said addition was made arbitrarily and illegally.

It appears from the evidence that the suit was brought before the addition was placed upon the tax list but after it had been placed upon the treasurer's copy.

*Jed B. Bibbee,* for plaintiff:

Cited and commented upon by the following authorities: *Britton* v. *Baker,* 12 Dec. 107; *Davies* v. *Investment Co.* 76 Ohio St. 407 [81 N. E. Rep. 755]; *Fratz* v. *Mueller,* 35 Ohio St. 397; *Hayes* v. *Yost,* 24 O. C. C. 18 (4 N. S. 455); *Ratterman* v. *Niehaus,* 2 Circ. Dec. 673 (4 R. 502); *Bowland* v. *Shoe-Co.* 21 Dec. 211 (10 N. S. 243); 37 Cyc. 1100, 1101; *Jones* v. *Davis,* 35 Ohio St. 474; *Euclid Ave. Sav. & Bank. Co.* v. *Hubbard,* 12 Circ. Dec. 279 (22 R. 20); *Black* v. *Hagerty,* 60 Ohio St. 551 [54 N. E. Rep. 527]; *Standarl Oil Co.* v. *Hopkins,* 34 O. C. C. 170.

*Timothy S. Hogan,* Atty. Gen., *Clarence C. Laylin, Arno C. Robinson, L. K. Cooper,* for defendant.

## SAYRE, J.

The questions for determination arise upon the following propositions contended for by counsel for the defendant:

(a) The tax commission of Ohio had power and authority to afford plaintiff complete relief, and without appealing to said commission the taxpayer has no standing in a court of ·equity;

(b) The addition in this case having been made and entered

on the duplicate of the county treasurer, the auditor can not be enjoined in this action;

(c) That the board of review is not required to comply with Sec. 5592, G. C., in adding to the return of a corporation;

(d) That the statement made by the board of review was sufficient if compliance with Sec. 5592 is necessary.

As to the first contention, the decision of the court of appeals of the first district in the case of *Standard Oil Co.* v. *Hopkins*, 34 O. C. C. 170, is approved and followed in the case under consideration.

The syllabus in that case is:

"Injunction against collection of taxes is the proper and only remedy to review a board of review's action in 'arbitrarily and capriciously' and without evidence or information adding to tax returns; act 102 O. L. 224 makes no provisions for review by the state tax commission by error or appeal."

Can the auditor be enjoined, it appearing that the addition made by the board of review was placed on the tax duplicate of the treasurer but not on the original tax list before the suit was brought and the preliminary injunction secured?

Section 2583, G. C., provides that:

"The county auditor shall make in a book prepared for that purpose in such manner as the state auditor prescribes a complete list or schedule of all the taxable property in the county * * * ."

Section 2584, G. C., provides:

"In making the original tax list, the county auditor may place * * * ."

Section 2588, G. C., reads, in part, thus:

"From time to time the county auditor shall correct all errors which he discovers in the tax list and duplicate * * * . If the correction is made after the duplicate is delivered to the treasurer, it shall be made on the margin of such list and duplicate without changing any name, * * * in the duplicate as delivered, or in the original tax list, which shall always correspond exactly with each other."

Section 2589, G. C., provides:

Lumber & Veneer Co. v. Robinson.

"After having delivered the duplicate to the county treasurer for collection, etc."

From these sections it will be seen that the original is the tax list prepared by the auditor and kept in his office. The duplicate is the copy thereof delivered to the treasurer. These two words, "tax list" and "duplicate" are used interchangeably.

Whatever may be the practice of county auditors in making up these books, it seems to us that the levy is not made until the addition is placed on the tax list. The statute provides that the tax list and duplicate shall always correspond exactly with each other. Since the addition made by the board of review has not been carried on the auditor's tax list the levy is incomplete. Something remains to be done by the auditor, which the law requires, before the duplicate is turned over to the treasurer. Since something remains to be done by the auditor, which he must do, an injunction will lie.

This holding is not in conflict with *Jones* v. *Davis*, 35 Ohio St. 474, as in that case the word "duplicate" was used, as it often is, to exclude "tax list" as well.

Is it necessary for the board of review or the board of equalization, in increasing the value of the property of a corporation, to comply with Sec. 5592, G. C.?

It is the contention of council for defendant that the language of Sec. 5592, G. C., "any list returned under oath," means a return by an individual and does not include the return of corporations; and as reflecting on this matter the language, "whether the return is made upon oath of each person or upon the valuation of the assessor or county auditor," found in the last clause of Sec. 5591, G. C., shows that returns or valuations are limited to those under oath (individuals), those by the assessor (in case of refusal, neglect, etc.), and those by the county auditor (corporations) because of the last amendment to Sec. 5405, G. C., authorizing the auditor to ascertain and determine the valuation of the tax returns of corporations.

An examination of the history of Sec. 5592, 5591, 5375,

5391, 5404 and 5405, will aid in arriving at a correct understanding of the language now found therein.

"Each person required by this act to list property shall make out and deliver to the assessor, when required, or within ten days thereafter, a statement verified by his oath or affirmation, of all the personal property * * * in his possession * * * ." S. & C. 1442, Sec. 4, now Sec. 5375 G. C.

The return of corporations for taxes was made to the county auditor and it was required that the president, secretary or principal accounting officer should list for taxation all the personal property of the corporation "verified by oath or affirmation of the person so listing." S. & C. 1446, Sec. 16, now Secs. 5404 and 5405, G. C.

In the case of refusal or neglect, absence or sickness of any person to list personal property the assessor was to ascertain the value of the personal property of such persons and return the same to the county auditor. S. & C. 1447, Sec. 18, now Secs. 5391 and 5392, G. C.

The annual county board of equalization, composed of the county commissioners and county auditor "shall have power * * * to equalize the valuation of all real and personal property, moneys and credits within the county * * * ." S. & C. 1456, Sec. 44, now Sec. 5580 G. C.

"And said board shall have power to add to or deduct from the value of the personal property * * * of any person returned by the assessors or which may have been omitted by him * * * or to add other items upon such evidence as shall be satisfactory to the said board, whether such return be made upon oath of such person or upon valuation of the assessor; but when any addition shall be ordered to be made to any list returned under oath a statement of the facts on which said addition was made shall be entered on the journal of the board * * * ." S. & C. 1457, Sec. 45, now Secs. 5591 and 5592, G. C.

It might be concluded from a reading of the language last above quoted that the annual board of equalization could only add to or deduct from the valuation of personal property returned

Lumber & Veneer Co. v. Robinson.

by the assessors and had no authority to change the valuation of the property of a corporation returned to the auditor. But the language of S. & C. 1456, Sec. 44, that the board "shall have power to equalize the valuation of all real or personal property, moneys and credits within the county," which must be construed with the language of Sec. 45, makes it clear that the board had authority to add to or deduct from the return of a corporation, despite the language "returned by the assessors," as found in Sec. 45.

It will be seen, therefore, from the language above quoted (S. & C. Sec. 4, p. 1442, and Sec. 16, p. 1446) that individuals and corporations both made returns under oath, although one return was made to the assessor and the other to the county auditor, and one kind of return was made by the assessor (Sec. 18, p. 1147) in case of refusal, neglect, absence or sickness.

There were, therefore, two classes of personal property valuations to be added to or deducted from by the board of equalization: one, in which the return was made under oath, and this included both individuals and incorporated companies; and the other, upon the valuation of the assessor in case of refusal, neglect, absence or sickness.

The language above quoted from S. & C., p. 1457, Sec. 45, became part of Sec. 2807 of the Revised Statutes and was amended March 19, 1880 (77 O. L. 76), to read, in part, as follows:

"And they shall have power to add to or deduct from the valuation of the personal property * * * of any person, firm, or corporation, returned by the assessor, * * * upon such evidence as shall be satisfactory to the said board, whether said return be made upon oath of such person, or upon the valuation of the assessor; * *. * but when any addition shall be ordered to be made, * * * whether to a list returned under oath, or upon an original assessment, a statement of the facts on which such addition was made shall be entered on the journal * * * ; and when any reduction shall be ordered to be made in the amount of personal property * * * of any person, firm, or corporation, a statement of the facts on

which such reduction was made shall be entered on the journal of the board.''

It will be observed that the legislature here authorized two returns of valuation, one under oath and the valuation of the assessor.

Section 2807 was again amended April 13, 1880 (77 O. L. 191.)

It there became part of an act to amend Secs. 2766, 2806 and 2807, R. S. In that act, by Sec. 2766 the auditor was authorized ''to fix the total value of shares of'' certain banks. By Sec. 2806 the auditor was directed to lay before the board of equalization ''copies of all reports made by cashiers of banks  *  *  *  together with the value of the shares of such banks as fixed by the auditor and the returns of the assessor for the current year.  *  *  *  .''

Section 2807, R. S., was amended to read, in part, as follows:

''The said board shall hear complaints and equalize the assessment of all personal property  *  .*  *  returned for the current year by the township assessors and the shares of the several banks as fixed by the auditor; and they shall have power to add to or deduct from the value of the shares of such banks as fixed by the auditor or of the personal property  *  *  *  of any person returned by the assessor  *  *  *  upon such evidence as shall be satisfactory to said board, whether said return be made upon the oath of such person or upon the valuation of the assessor or upon the valuation of the auditor; but when any addition shall be ordered to be made to any list returned under oath a statement of the facts upon which such addition was made shall be entered on the journal, and when any reduction shall be ordered to be made in the personal property  *  *  *  or the shares in any bank, whether said return be made by such person or by the assessor or by the auditor, a statement of the facts upon which such reduction was made shall be entered on the journal of the board.''

The amendment just referred to authorizes the auditor to

Lumber & Veneer Co. v. Robinson.

fix the valuation of shares of banks, and the statute, as so amended, provides for three valuations, three returns: valuations or returns under oath, by the assessor, and by the auditor. The valuations made under oath included all valuations except those made by the assessor or auditor.

It will be further observed by this last amendment that only when an addition is to be made to a list returned under oath is the board required to enter a statement of facts on the journal. The language "or upon an original assessment," found in the amendment of March 19, 1880 (77 O. L. 76), is taken out.

The three Secs. 2766, 2806 and 2807, were again amended by the act of March 9, 1883 (80 O. L. 54), and Sec. 2807 was amended so as to read as it does at the present time with the exception of the language requiring the notice to the taxpayer and the hearing by the board of equalization.

Section 2766, R. S., became Sec. 5412, G. C., and the auditor transmits to the tax commission of Ohio the report of the banks (Sec. 5603), and that commission examines the valuation of the auditor (Sec. 5604) and may increase or decrease the value of the shares (Sec. 5605).

However, since the act approved April 12, 1911 (102 O. L. 60), amending Secs. 5404 and 5405, the auditor of the county, by the provisions of Sec. 5405, determines the valuations of all incorporated companies except those specially provided for, and thus there are still valuations by the county auditor.

But the language of the last part of Sec. 5591, referring to the valuation of the county auditor, was not placed there because of the amendment of April, 1911 (102 O. L. 60), for that language has been in the statute, just as it is now, since April 13, 1880. So if that language meant what we construe it to mean before the passage of the act of April, 1911, it certainly did not change its meaning when that act was passed.

Ever since the enactment of the act of May 11, 1878 (75 O. L. 438, Sec. 1, now Sec. 5320, G. C.), the word "person," as used in the taxing laws, including Secs. 5591 and 5592, G. C.,

is held to include firms, companies, associations and corporations.

So it is necessary, since 1878, to read into the statute law which is now Secs. 5591 and 5592 the words "firms, companies, associations and corporations" after the word "person" where the same is found in said statutes.

If so read the pertinent parts of the two sections would appear as follows:

Section 5591. " * * * It may add to or deduct from the valuation of personal property or moneys or credits of any person (firm, company, association and corporation) returned by the assessor or county auditor, or which may have been omitted by them, or add other items upon such evidence as is satisfactory to the boards, whether the return is made upon oath of each person (firm, company, association and corporation) or upon the valuation of the assessor or county auditor."

Section 5592. "When an addition is ordered to be made to any list returned under oath a statement of the facts upon which such addition was made shall be entered on the journal of the board. No such addition shall be made to such list returned under oath without the board having first given reasonable notice to the person or persons (firm, company, association and corporation), if their residence is within the county * * *. When a reduction is ordered to be made in the amount of personal property or moneys or credits of any person (firm, company, association and corporation), whether such return is made by such person (firm, company, association and corporation) or by the assessor or county auditor, a statement of the facts on which such reduction was made shall be entered on the journal of the board."

It is therefore clear that the language "any list returned under oath" found in Sec. 5592, comprises lists returned by corporations as well as individuals.

It is, therefore, necessary when the board of review or equalization orders an addition to the return, either of an individual or firm, company, association or corporation, to

Lumber & Veneer Co. v. Robinson.

cause a statement of the facts upon which such addition was made to be entered upon the journal and to give notice of the time and place to be fixed by the board when the taxpayer may show cause why such addition should not be made.

Was a statement of the facts, as required by Sec. 5592, made by the board of review on its journal in this case?

A compliance with this statute is mandatory and an addition without such compliance would be void. *Ratterman* v. *Niehaus*, 2 Circ. Dec. 673 (4 R. 502); *Hayes* v. *Yost*, 24 O. C. C. 18 (4 N. S. 455).

The entry on the journal is as follows:

"The board devoted the day to reviewing the personal returns of the various lumber companies and made additions as shown,—the Fearon Lumber company on own statement and information, add item 12a $24,647."

In the case of *Fratz* v. *Mueller*, 35 Ohio St. 397, the entry on the journal was:

"On motion, the amount set opposite the names of the following persons was added to their personal returns, for the reason that the amount returned by the parties respectively was, in view of the facts, considered insufficient and below the actual value of the property owned or held by the parties: Ward 19, John W. Mueller, 425 Front Street, Item 10, $1,000."

The Supreme Court held that this entry was sufficient. That the monthly average was insufficient and below the actual value, was the statement of an ultimate fact on which the addition was made, and this was all that was required.

When the words are transposed and it is made as readable as possible, the statement in the case under consideration would be about this: "The board made an addition in the sum of $24,647 to item 12a of the return of the Fearon Lumber company on its own statement and information." Reduced to a simple and exact expression the statement is, that the addition was made on the evidence received by the board. What fact, if any, appeared from the evidence which led the board to make the addition is not stated. There is no statement of any ultimate fact.

There is no reason assigned or given for the increase in the valuation of the property returned, if the valuation was increased; nor is there a statement of the addition of property not returned, if such property was added by the board. It is too plain for further discussion that there was here no statement of the facts as required by the statute. *Ratterman* v. *Niehaus,* and *Hayes* v. *Yost, supra.*

There will be a decree as prayed for, the defendant to pay the costs.

**Walters** and **Jones, JJ.,** concur.