No. 17345—Ray West v. Ella Lucas et al. Error to the Court of Appeals of Mahoning county.

**WILLS—(1) Contest of—Instructions of trial court as to an outweighing preponderence of evidence—(2) General charge to jury as to—Failure to re-state as to, in preponderance, connection with other instructions—Not prejudicial error when special finding of jury consistent with general finding, and showing justification for the verdict returned, on the issue of "want of execution."**

HOUGH, J.:

1. Instructions by the trial court in a will contest must clearly define the rule that the evidence introduced by contestant, in order that he may prevail, must be a preponderance, outweighing both the evidence produced by the contestee and the presumption of validity that arises from probate of the will.

2. Failure in a general charge in a will contest case to restate, in connection with the instructions relating to testamentary capacity and undue influence, that the presumption arising from the probate of the will must be taken into account and weighed according to its proper proportionate value as part of the whole evidence in arriving at a preponderance, is not prejudicial error, where the special finding of the jury is in all respects consistent with the general finding and clearly shows justification for the verdict returned on the issue of "want of execution," where proper instructions in that respect were given in the part of the charge dealing with that subject.

Judgment reversed.

Marshall, C. J., Matthias and Clark, JJ., concur. Wanamaker, Robinson and Jones, JJ., concur in the judgment.

---

No. 17612—Roy Stockum v. State of Ohio. Error to the Court of Appeals of Drake county.

**TAXATION—Sec. 5437 GC—Contravenes—Uniform rule of taxation, Sec. 2, Art. XII, Const.**

CLARK, J.:

1. The Fifth Amendment of the Constitution of the United States does not control nor is it a limitation upon the criminal procedure of the several states. (Prescott v. State, 19 Ohio St., 184, approved and followed.)

2. Imprisonment "at hard labor" of a person convicted of an offense under Section 1654, General Code, is lawful and does not violate any provision of the federal or state constitution.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.

---

No. 17503—The Ohio Bell Telephone Co. v. Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

**PUBLIC UTILITIES—Reasonable rates—Income tax proper as part of operating expenses.**

JONES, J.:

In determining whether rates chargeable by a utility yield reasonable compensation for service rendered and are just and reasonable under Section 614-23, General Code, the federal income tax should be included as part of its operating expenses, to be deducted from gross revenue in ascertaining net income.

Order reversed.

Marshall, C. J., Hough, Robinson, Matthias and Clark, JJ., concur. Wanamaker, J., dissents.

---

No. 17129—H. Sage Valentine, as Auditor, and A. J. Kiner, as Treasurer, v. The Canada Life Assurance Company. Error to the Court of Appeals of Franklin county.

**CRIMINAL LAW—Imprisonment at "hard labor" for offense of under 1654 GC not unlawful—U. S. Court, 5th amendment, not a limitation on criminal porcedure.**

ROBINSON, J.:

Section 5437, General Code, contravenes the provision of Section 2, Article XII of the Constitution of Ohio, "Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, and also all real and personal property according to its true value in money."

Judgment reversed.

Marshall, C. J., Hugh, Wanamaker, Jones, Mat thias and Clark, JJ., concur.

---

No. 17571—W. H. Kiefer v. The State of Ohio. Error to the Court of Appeals of Huron county.

**INTOXICATING LIQUORS—"Soliciting an order for"—Not the offense to "solicit . . . intoxicating liquors."**

HOUGH, J.:

A charge in an affidavit, "did then and there solicit an order for intoxicating liquors," does not charge the offense to "solicit . . . any intoxicating liquors," as defined in Section 3 (6212-15, General Code) of "An Act to prohibit the liquor traffic and to provide for the administration and enforcement of such prohibition." (108 O. L., pt. 2, 1182.)

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.