By the Court.
 

 This is an action begun in May, 1923, by the treasurer of Franklin county, to collect delinquent taxes claimed to be due from the .¿Etna Casualty & Surety Company for the years 1916, 1917, and 1918. The action was brought under Section 5697, General Code; the plaintiff adopting the short form of petition as provided in the section mentioned. The defendant by answer denied the allegations of the petition and averred that the taxes were illegal on several grounds set out in the answer.
 

 In the court of common pleas a jury was waived and the case presented to the trial judge. The evidence offered by plaintiff to sustain the allegations of the petition was rejected by the court as incompetent, and judgment was rendered in favor of the defendant. Error was prosecuted to the
 
 *53
 
 Court of Appeals, which court reached the conclusion that the judgment of the court of common pleas should be reversed by reason of that court having excluded the evidence as stated, but found that its conclusion so reached was at variance with a decision of the Court of Appeals of Lawrence county, in the case of
 
 Fearon Lumber & Veneer Co.
 
 v.
 
 Robinson, Auditor,
 
 decided December 12, 1913, 1 Ohio App., 209, 18 Ohio Circuit Court, (N. S.), 146. The Court of Appeals, therefore, certified its record to this court for review.
 

 Section 5697, General Code, provides that:
 

 “It shall be sufficient, having made proper parties to the suit, for the treasurer to allege in his bill of particulars or petition that the taxes stand charged upon the duplicate of the county against such person, that they are due and unpaid, and that such person is indebted in the amount appearing to be due on the duplicate, and the treasurer need not set forth any other or further special matter relating thereto. The tax duplicate shall be
 
 prima facie
 
 evidence on the trial of the action, of the amount and validity of the taxes appearing due and unpaid thereon, and of the nonpayment thereof, without setting forth special matter relating thereto.”
 

 The treasurer in this action filed that form of petition and then sought to maintain it by offering, first, the treasurer’s duplicate list of personal taxes for 1918. This duplicate was objected to on the ground that no duplicate was competent evidence except the duplicate of the current year, the year preceding the bringing of the action, which would be the duplicate of 1922. The trial court
 
 *54
 
 sustained this objection and excluded the duplicate offered. Thereupon the treasurer offered in evidence a book known as the treasurer’s delinquent personal book No. 9. This was objected to by defendant on several grounds, among others that the evidence of the deputy auditor, which was taken, clearly showed that this book was not prepared pursuant to the requirements of Section 5694, which provides that, immediately after the August settlement between the treasurer and the auditor, the auditor shall forthwith make up a list of the unpaid taxes, as shown by the treasurer’s general duplicate, returned to the auditor, and the treasurer’s delinquent list, also returned to the auditor, and that a duplicate of these delinquent and unpaid taxes so compiled shall be filed with the treasurer on the 15th of September following the settlement;
 

 It was further contended that the evidence of the deputy auditor clearly disclosed that the matter contained in the book, which was offered in evidence, was not compiled by the auditor’s office from the general duplicate returned by the treasurer to the auditor at the August settlement, nor from the delinquent duplicate returned by the treasurer to the auditor, but that the amounts found on that page of the book, which was offered in evidence, were carried forward and copied from the duplicates of 1916, 1917, and 1918, as they appeared on the duplicate’ prepared by the auditor for the last time in 1919; that being the duplicate of 1918.
 

 It appeared from the evidence that this treasurer’s personal delinquent book No. 9 was a book
 
 *55
 
 that had been used for a number of years, but no entry had been made of the taxes in question, subsequent to 1919, except the entry that was carried forward in 1922, but actually entered therein in 1923 by the auditor.
 

 The trial court excluded this book as entirely incompetent, holding that the auditor had no authority to make the entries in this book that were made at the time that he made them with respect to these taxes being delinquent. The evidence of the deputy auditor disclosed further that but one copy was prepared, to wit, Exhibit B, which was offered in evidence by the auditor, and that that copy was sent to the treasurer, and no copy thereof was retained in the auditor’s office.
 

 It is contended on behalf of the plaintiff that the leaving of these taxes off of the tax books from 1919 to 1923 is a matter of no importance, in view of the fact that the taxes were really left off the books by reason of certain action of the common pleas and appellate courts holding these taxes to be invalid, which decisions were later reversed by this court in the case of
 
 Valentine, Aud.,
 
 v.
 
 Canadian Life Assurance Co.,
 
 106 Ohio St., 273, 140 N. E., 150, by which decision these taxes were held t,o be valid.
 

 The following decisions clearly sustain the rulings of the trial-court with respect to the competency of the evidence offered:
 
 Board of County Comm’rs. of Hamilton Co.
 
 v.
 
 Arnold,
 
 65 Ohio St., 479, 63 N. E., 81;
 
 Hull
 
 v.
 
 Alexander, Treasurer,
 
 69 Ohio St., 75, 68 N. E., 642;
 
 State ex rel. Gallinger
 
 v.
 
 Smith, County Auditor,
 
 71 Ohio St., 13, 72 N. E.,
 
 *56
 
 300;
 
 State ex rel. Alcorn
 
 v.
 
 Mittendorf et al., Comm’rs.,
 
 102 Ohio St., 229, 131 N. E., 158;
 
 Fearon Lumber & Veneer Co.
 
 v.
 
 Robinson, supra.
 
 As these cases indicate, there are many provisions in the statutes with reference to the assessing and collecting of taxes that are mandatory. The duty of the auditor is to list the taxes on property, both real and personal, for collection; and after this shall have been done to then furnish the treasurer a duplicate of that listing as the authority of the treasurer to collect. The listing by the auditor is essential to the validity of the tax, and the treasurer is authorized to collect only the taxes listed in the duplicates furnished him by the auditor. And, where corrections are found necessary to be made by the auditor, the statute provides that these corrections shall be made on the margin of the original tax list in the hands of the auditor, and like corrections shall be made on the margin of the duplicate in the hands of the treasurer, to the end that these two records of assessments and collection of taxes may at all times be exactly alike. The auditor is bookkeeper, and the treasurer the collector, and many sound reasons obtain why the books in the hands of the bookkeeper should at all times furnish complete and full information concerning the taxes which the treasurer has been authorized, by the duplicate given him, to collect. And the settlements made by the treasurer with the auditor are the means by which the auditor ascertains what taxes have been collected and what are yet delinquent, in order that he may, from the books returned by the treasurer, make up a
 
 *57
 
 complete list of delinquent taxes and furnish the treasurer a duplicate of it to he used in making collections from the parties owing the tax listed, as shown on the delinquent duplicate.
 

 We are not intending to hold that these taxes may not now be collected. We are only holding that the evidence offered by the plaintiff in this case was not competent and was properly excluded by the trial court.
 

 Judgment of the Court of Appeals reversed, and that of the common pleas affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.