EASLER, et v. STATE

Ohio Appeals, 6th Dist., Lucas Co.
No. 1961-1866.　Decided April 11, 1927.

61.　ALIBI.—Charge to Jury.—Where the effect of the trial court's charge was to advise the jury that if either of two co-defendants were found guilty that they should return a verdict of guilty against both, this is prejudicial error where each defendant relied on an

alibi which was entirely separate and distinct from that claimed by his co-defendant.

First Publication of this Opinion

RICHARDS, J.

Walter Easler and Albert Nussbaum were jointly indicted and tried together in the Lucas Common Pleas, on a charge of burglarly. While the indictment charges them with burglary and laceny of certain chickens, the verdict found them not guilty of burglary, but guilty of grand larceny.

Error was prosecuted and the Court of Appeals held:

1. It is claimed that the case against the defendants was tried to eleven jurors only, and although this was done with consent of the court and of defendants, it was not a lawful jury and judgment should have been reversed for that reason.

2. Little doubt can exist that defendants charged with crime may waive, or their counsel may waive in their presence, trial by a jury of twelve persons. Where a defendant so on trial consents to such a waiver, he will not be heard to deny that he was tried by a jury lawfully constituted. State ex Warner v. Baer, 108 OS. 585.

3. Misconduct of one of the jurors is urged as a ground for reversal, this fact being evidenced by an affidavit which is not made part of the bill of exceptions and which recites that the juror closed his eyes as attempting to sleep on several occasions. The affidavit is insufficient in form and the fact sought to be established does not appear by certificate of the trial judge.

4. Each defendant set up a separate defense of alibi, one claiming to be in Detroit, and the other that he was in bed and asleep at a friend's house when the crime was committed.

5. The effect of certain portions of the charge of the court was to advise the jury that if they found either defendant guilty, they should return a verdict of guilty against both, and this, in spite of the fact that each defendant relied on a separate alibi, and that each alibi must stand or fall on its own merits as disclosed by the evidence. It cannot be contended that such principle ever had a place in jurisprudence.

6. For the prejudicial error is the charge of the court, the judgments are reversed and the causes remanded.

Judgments reversed.

(Williams and Lloyd, JJ., concur).

Attorneys—Royal B. Binzer and John W. Raab for Easler, et; L. W. Hunt, Pros. Atty. and C. A. Irwin, Asst. Pros. Atty., for State; all of Toledo.