INGHAM *v.* THE STATE OF OHIO.

(Decided December 23, 1929.)

*Messrs. Glenn & Glenn,* for plaintiff in error.
*Mr. D. P. Binning,* prosecuting attorney, for defendant in error.

SHERICK, J.  The plaintiff in error stands charged and convicted of a second offense of possession of

intoxicating liquor, and error is prosecuted to this court. The essential facts are as follows:

The plaintiff in error, William Ingham, whom we will call the defendant, was arrested upon an affidavit and warrant and brought before a justice of the peace, and upon the request of defendant he was bound over to the grand jury after he had been arraigned and pleaded not guilty to the charge, all of which appears in the record. The grand jury failed to return an indictment against the defendant. Thereupon a second affidavit charging the same offense was filed in the court of common pleas of Coshocton county on the 6th day of April, 1929. On the same day the defendant entered into a recognizance for his appearance and it was recited therein that he stood charged with the possession of intoxicating liquors. Thereafter, on the 22d day of April, 1929, the cause came on for trial before the court, and the state to maintain the issue on its part called one Lloyd Wine, who testified in part as follows:

"Q. You may state your name. A. Lloyd Wine.

"(Objection by counsel for defendant to the hearing of any testimony.)

"By the Trial Judge: We will hear the grounds for your objection.

"By counsel for the defense. The reasons are apparent on face of the record.

"Counsel for the defense failed and objected to stating his reasons more definitely at this time.

"(Objection overruled, exceptions.)

"Q. What is your official position? A. State Prohibition Inspector.

"(Objection by counsel for the defense to each and every question asked this witness, which it was

agreed should apply to all questions asked state's witnesses.)''

The cause thereupon proceeded towards its conclusion. Six witnesses, including the defendant, testified in defendant's behalf. The defendant vigorously denied that he was guilty of the offense of which he stood charged. The outcome was that he was found guilty as charged. Thereupon the defendant moved for a new trial and for an arrest of judgment, both of which were overruled, and defendant was sentenced to pay a fine of $500 and costs of prosecution and to stand committed to the county jail until paid.

The principal error alleged in this court is that the trial court erred in proceeding to try and convict the defendant over his objection made before the witness Wine was permitted to testify further, for the reason that he had not been arraigned, nor had he entered a plea. The record in this case does not disclose that the defendant was arraigned or pleaded to the second affidavit.

The defendant now insists, as he did in the trial court on his motions for a new trial and arrest of judgment, that in view of the fact that he had never pleaded to the second affidavit, there was no triable issue made in the court below, and that by proceeding on with the trial after the interposition of his objection to the testimony of Wine he was deprived of his statutory and constitutional rights, and was thereby convicted ''without due process of law.''

It is claimed that the action of the trial court has annulled the plain provision of Section 13629 of the General Code, which is as follows:

"The accused shall be arraigned by the clerk of the court, or his deputy, reading the indictment to him, unless the accused or his attorney waive the reading thereof, and he shall then be asked by the court whether he is guilty or not guilty of the offense charged."

And the case of *Hanson* v. *State,* 43 Ohio St., 376, 1 N. E., 136, 137, which was for assault with intent to rob, and that of *Emmons* v. *State,* 14 C. C. (N. S.), 351, 23 C. D., 516, which was for murder in the second degree, are advanced as authority for the defendant's contention. It will be noted that both of the cases involve a felony, and are infamous crimes in Ohio. The first-named case gives no reason and makes no comment, but in three lines says: "The record before us does not show that the defendant was arraigned on the indictment before trial. The record is defective in this particular." The second case seems to have been decided upon the authority of the *Hanson case* and the case of *Crain* v. *United States,* 162 U. S., 625, 16 S. Ct., 952, 40 L. Ed., 1097, to which we shall later refer.

We are unable to entertain the view suggested by the defendant or to consider the authorities noted as controlling in the matter now in issue. In the first place, the statute and authorities cited pertain to criminal practice in cases of felonies such as arise upon indictment by a grand jury, while the question before this court is a misdemeanor triable upon affidavit. The statute referred to is very specific and definite as to arraignment and entry of pleas in indictment cases, but nowhere in the Code of Criminal Procedure do we find any statutory provision requiring an arraignment on affidavit cases charging mis-

demeanors. We recognize that the practice in this
state in misdemeanor cases has usually followed
the rules upon grand jury indictments, but we are
not convinced that such is mandatory. We note that
Section 13616, General Code, provides in part that
the clerk shall make and the sheriff deliver to the
defendant a copy of the indictment within a specified
time, yet it is not the practice in this state for the
officers to so do in case of misdemeanors, and it
would therefore have been just as logical for the de-
fendant herein to have objected and claimed error
on that ground. But even if this section would ordi-
narily aid a defendant, we hold the view that such
may be waived, as was done in the instant case.

It can no longer be questioned that the Legisla-
tures of the various states have a constitutional right
to provide and define the manner of their criminal
procedure, and to specify when and how one charged
with a violation of law may assert his legal rights
and constitutional guaranties. The Legislature of
this state, in Section 13621 of the General Code, has
provided that "a motion to quash may be made
where there is a defect apparent upon the face of the
record, including defects in the form of the indict-
ment or in the manner in which an offense is
charged." The defendant seeks to avail himself of
Section 13629, yet makes no effort to avail himself
of his right under Section 13621. But he chooses to
sit mute until his case is called and he has signi-
fied his intention of his readiness to proceed, and has
permitted a witness or witnesses to be sworn, and
the taking of testimony to be begun, and then at-
tempts to halt the due course of justice and process
of law. It has long been the rule in this state, and

is ably reannounced in *State* v. *Schultz*, 96 Ohio St., 114, 117 N. E., 30, that a defendant in a criminal case who desires to object to an indictment because of defects apparent upon the face of the record, relating to the form or manner in which an offense is charged, must do so by a motion to quash, and that by going to trial he is held to have waived the defects which might be taken advantage of by a motion to quash. Certainly the same rule is sound law, when applied to a misdemeanor upon affidavit, as to a defect apparent on the face of the record. Further it is the rule in this state that a motion to quash must contain the reason therefor, and state what is complained of, but the defendant herein failed and did not comply with the court's request for the reason for the objection interposed. We feel that it was counsel's duty to aid the court and not to obstruct the due course of law.

It is urged that there was no issue before the court by reason of the fact that the defendant had not pleaded to the affidavit, but if such were true, the same was surely supplied by the defendant when he took the stand in his own behalf and denied the charge.

It will be recalled, as previously mentioned, that the defendant was arraigned and pleaded not guilty to the first affidavit before the justice of the peace. The second affidavit charges the same offense. Authorities are not lacking upon the proposition that indictments may be amended, and further arraignment and plea are not necessary. True, the second affidavit herein is not an amendment; it is rather a duplication of the identical charge, per-

haps surplusage, and to our notion does not amend anything. But the fact remains that the defendant pleaded not guilty to the first affidavit.

It is apropos to inquire the purpose and necessity of an arraignment. Under the early common-law rule, trifling offenses were in many instances most severely dealt with, and in many cases, in the absence of the defendant, it was therefore highly essential, first, that the identity of the defendant be established; second, that he be informed of the offense with which he stood charged; and, third, that his plea be received. Surely it could not be said in this case that the defendant's identity was not established, or that he was not advised of the offense; the defendant announced himself ready, voluntarily went to trial and participated therein, and denied his guilt. The reason for the rule having been fulfilled, it seems that the defendant should not now be heard to complain of a mere technical error or irregularity which did not affect his substantial rights.

The Supreme Court of this state in the case of *Long* v. *State,* 109 Ohio St., 77, 93, 144 N. E., 691, strongly condemns the continuation of the application of the old technical rules of criminal procedure. We believe that the rule now insisted on is one of that class, and that the *Long case* supports this court's opinion.

We are desirous of adopting the reason of the dissenting opinion in the case of *People* v. *Lawton,* 61 Colo., 566, 158 P., 1099. While arraignment and plea are necessary, and should not be omitted in criminal cases, still we are of the opinion that where the defendant announces himself ready, voluntarily

goes to trial, and participates therein without objecting, or calling the court's attention to the fact that he has not been arraigned, the failure of the record to contain a formal statement that he was arraigned, or if as a fact he was not arraigned, is a mere irregularity for which a case should not be reversed or judgment set aside, in the absence of a satisfactory showing that the substantial rights of the defendant were prejudiced thereby. To the same effect, see the dissenting opinion in the *Crain case,* previously mentioned; and upon the majority opinion therein the defendant now relies. It may be further noted that in *Garland* v. *State of Washington,* 232 U. S., 642, 34 S. Ct., 456, 58 L. Ed., 772, the federal Supreme Court adopts the view of the dissenting opinion in the *Crain case* and reverses its former holding therein. The Maryland case of *Dutton* v. *State,* 123 Md., 373, 91 A., 417, Ann. Cas., 1916C, 89, is also confirming of the rule and reason. *State* v. *Hayes,* 67 Iowa, 27, 24 N. W., 575, and *United States* v. *Molloy* (C. C.), 31 F., 19, are likewise supporting.

It is stated in 8 Ruling Case Law, page 107, Section 70, that: "The authorities differ as to whether an arraignment is necessary in a prosecution for a misdemeanor. The modern tendency is towards relaxing the severity of the ancient rules in criminal trials, especially in the lower grades of felonies and in misdemeanors."

And in the Kansas case of *State* v. *Forner,* 75 Kan., 836, 89 P., 674, it is held that in a prosecution for misdemeanor the failure to arraign a defendant is not an omission which will entitle one to a new trial or require a reversal.

As to the constitutional feature of the defendant's claim we believe that such has been fully answered in *Prescott* v. *State,* 19 Ohio St., 184, 2 Am. Rep., 388; *Stockum* v. *State,* 106 Ohio St., 249, 139 N. E., 855, and *Burke* v. *State,* 104 Ohio St., 220, 135 N. E., 644; and the authorities therein noted. The defendant says he has been denied due process of law. In the *Stockum case* the court says the Fifth Amendment of the Constitution of the United States does not control, nor is it a limitation upon the criminal procedure of the several states. And it appeals to this court that what is therein held is equally pertinent to the due process of law clause in the Fourteenth Amendment. The *Garland case, supra,* we believe fully answers the inquiry.

It is settled in this state that one may waive a constitutional right, and if the defendant has such in this cause, the cases of *State, ex rel. Warner,* v. *Baer,* 103 Ohio St., 585, 134 N. E., 786, and *Easler* v. *State,* 25 Ohio App., 273, 157 N. E., 813, expressly hold that such a right may be waived, as was done by the defendant herein.

The defendant claims error, in that the justice of the peace bound him over to the grand jury contrary to Section 6212-18 of the General Code. Perhaps this is true, but there can be no question that the common pleas court has jurisdiction in cases of this kind, and if error was committed in so doing the same was not prejudicial to the defendant's rights, and was done at his instance and request. One cannot complain of an error which is beneficial to him, nor can he complain of that which he procures to be done.

We have examined the other errors complained of and do not find any of such to be prejudicial to the substantial rights of the defendant. Therefore, for the reasons herein indicated, the judgment of the trial court is affirmed with exceptions.

*Judgment accordingly.*

LEMERT, P. J., concurs.