Zimmerman, J.
 

 Was an affidavit sufficient upon which to base the prosecution of Newton J. Pfistner in the Juvenile Court of Montgomery county? The answer to that question is dispositive of this case.
 

 Involved is a consideration of divers sections of the so-called Juvenile Court Act, found in Chapter 8, Title IV, Part First, General Code of Ohio, embracing Sections 1639 to 1683-10, inclusive, at the times with which we are here concerned.
 

 As noted in the statement of the case, the judge of the Court of Common Pleas of Montgomery county, Division of Domestic Relations, is invested with the juvenile court powers and jurisdiction in that county by special statutory provision.
 

 Section 1642, General Code, prescribes the general jurisdiction of Juvenile Courts and says they “shall have jurisdiction over and with respect to delinquent, neglected and dependent minors, under the age of eighteen years * *
 
 *
 
 and their parents, guardians, or any person, persons, corporation or agent of a corporation, responsible for, or guilty of causing, encouraging, aiding, abetting or contributing toward the delinquency, neglect or dependency of such minor, and such courts shall have jurisdiction to hear and determine any charge or prosecution against any person, persons, corporations, or their agents, for the commission of any misdemeanor involving the care, protection, education or comfort of any such minor under the age of eighteen years.”
 

 
 *311
 
 Pfistner was prosecuted under Section 1655, General Code, the pertinent part stating: “Whoever is charged by law with the care, support, maintenance or education of a minor under the age of eighteen years, and who is able to support or contribute toward the support or education of such minor, fails, neglects or refuses so to do * * *
 
 upon complaint filed in the jiwenile court, as provided in this chapter,
 
 shall be fined not less than ten dollars, nor more than five hundred dollars, or imprisoned not less than ten days nor more than one year, or both; provided, if he shall pay. promptly each week for such purpose to the court, or to a trustee named by such court, a sum to be fixed by it, sentence may be suspended * * V’ (Italics ours.)
 

 What is meant by the phrase, “upon complaint filed in the juvenile court, as provided in this chapter”?
 

 No concrete definition of “complaint” is anywhere discoverable in the Juvenile Court Act. However, its import, we think, is disclosed by Section 1647, General Code, reading: “Any person having knowledge of a minor under the age of eighteen years who appears to be either a delinquent, neglected or dependent child, may file with such juvenile court a complaint, sworn to, which may be upon information and belief
 
 *
 
 * Of course, this can only mean an affidavit, an indictment requiring action by a grand jury, and the filing of an information being within the sole province of a prosecuting attorney.
 

 Section 1648, General Code, recites: “Upon filing of the complaint, a citation shall issue, requiring such minor to appear * * * or the judge may in the first instance, issue a warrant for the arrest of such minor or for any person named in the complaint and charged therein with having abused or abandoned, or charged therein with neglect of or being responsible for or having encouraged, aided or abetted the delinquency or dependency of such child, or having acted in a way
 
 *312
 
 tending to cause delinquency in such child # *
 

 Section 1654, General Code, provides: “Whoever abuses a child or aids, abets, induces, causes, encourages or contributes toward the dependency, neglect or delinquency, as herein defined, of a minor under the age of eighteen years, or acts in a way tending to cause delinquency in such minor, shall be fined not less than ten dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both *
 
 *
 
 *.”
 

 It would seem clear that the “complaint” described in Section 1647, General Code, is the procedure through which a penalty may be imposed under Section 1654, General Code.
 

 The courts of this state have generally recognized that prosecutions for offenses within the jurisdiction of the Juvenile Court may be properly and sufficiently commenced upon affidavit. 24 Ohio Jurisprudence, 572, 573, 594 and 595. That the filing of an affidavit appropriately invokes the jurisdiction of the Juvenile Court appears to have been accepted without question by this court in prosecutions under both Sections 1654 and 1655, General Code.
 
 Fisher
 
 v.
 
 State,
 
 84 Ohio St., 360, 95 N. E., 908;
 
 Creisar
 
 v.
 
 State, 97
 
 Ohio St., 16, 119 N. E., 128.
 

 Counsel for defendant in error maintain that Section 1683-1, General Code, is determinative of the issue in favor of their client. Such section reads: “The judge designated to transact the business arising under the jurisdiction conferred in this chapter shall have jurisdiction of all misdemeanors against minors, and of offenses prescribed in sections nine hundred and twenty-eight, six thousand three hundred and forty-four, six thousand three hundred ¡and forty-five, six thousand three hundred and seventy-three, twelve thousand six hundred and sixty-four, twelve thousand six hundred and sixty-six, twelve thousand seven hundred and eighty-seven, thirteen thousand and thirty-
 
 *313
 
 one, thirteen thousand and thirty-five, and thirteen thousand and thirty-eight. In all such cases any person may file with the clerk of the judge exercising the jurisdiction an affidavit, .setting forth briefly, in plain and ordinary language, the charges against the accused, and he shall be tried thereon, and in such prosecutions an indictment by the grand jury or information by the prosecuting attorney shall not be required. The judge shall forthwith issue his warrant for the arrest of the accused, who, when arrested, ¿shall be taken before said judge, and tried according to the provisions of this chapter, and, if found guilty, shall be punished in the manner provided for by law.”
 

 The argument is advanced that the phrase “all misdemeanors against minors” means all misdemeanors charged against minors or committed by minors; that only offenses committed against minors by adults within the ten enumerated sections of the code can be prosecuted by affidavit, and that all other offenses committed by adults against minors require prosecution upon indictment or information.
 

 Is such construction in harmony with the spirit and objects of the Juvenile Court Act,
 
 vis.,
 
 the protection and well-being of the minor with as little formality and delay as possible; does it ignore other provisions of the act, and can it be logically sustained?
 

 Section 1683-1, General Code, was not a part of the Juvenile Court Act as originally passed in 1908 (99 Ohio Laws, 192
 
 et seq.).
 
 It was enacted in 1911 (102 Ohio Laws, 425), the stated purpose being, “To supplement Chapter Eight, Title IY, Part First of the General Code, relating to the jurisdiction of the juvenile court.” When Section 1683-1 became a part of the General Code, Section 1642, General Code (99 Ohio Laws, 192), was the only section relating to the jurisdiction of Juvenile Courts and was more limited than now, providing, “Such courts of common pleas, probate courts, insolvency courts and superior courts
 
 *314
 

 *
 
 * * shall have jurisdiction over and with respect to delinquent, neglected and dependent minors, under the age of seventeen years * # * and their parents, guardians, or any person, persons, corporation or agent of any corporation responsible for or guilty of causing, encouraging, aiding, abetting or contributing toward the delinquency, neglect or dependency of such minor *' * *.”
 

 In passing supplemental Section 1683-1, General Code, it was the undoubted purpose of the General Assembly to grant the Juvenile Court wider jurisdiction over offenses committed against minors, and to designate the procedure for the prosecution of such offenses.
 

 The contention of counsel for defendant in error that “misdemeanors against minors” as used in Section 1683-1, General Code, means “misdemeanors charged against minors” hardly seems reasonable in light of then existing Section 1644, General Code (99 Ohio Laws, 192), defining a delinquent minor as one who, among other things, “violates a law of this state, or a city or village ordinance”. Having already given the Juvenile Court jurisdiction over misdemeanors committed by minors, there was no reason for such patent repetition.
 

 We think the legislative intent contained in the phrase “misdemeanors against minors” is explained by turning to Chapter 11, Title I, Part Fourth of the General Code, entitled “Offenses Against Minors”, which originally began with Section 12957, and has to do almost exclusively with offenses committed against minors, both felonies and misdemeanors.
 

 Under our interpretation the purport of Section 1683-1, General Code, is: The Juvenile Court shall have jurisdiction of all offenses peculiarly against (meaning in opposition to) minors, which are misdemeanors, and of offenses prescribed in Sections 928 etc., General Code, when committed against minors.
 
 *315
 
 None of the various sections enumerated in Section 1683-1, General Code, are included in the chapter on “Offenses Against Minors”. Of the designated statutes, Section 12664, General Code, makes no mention of minors, and neither did Section 928, General Code, before its repeal in 1931. Sections 6344, 6345 (repealed in 1921), 6373, 12666, 13031, 13035 and 13038, General Code, are concerned with other persons or matters in addition to minors, and Section 12787, General Code, provides a penalty against a person who fails to report a diseased condition of an infant’s eyes.
 

 We here repeat that an examination of the Juvenile Court Act fails to disclose any other meaning of the word “complaint” than the one suggested in Section 1647, General Code. As there used it can have no other import than affidavit. Within the definition contained in Section 12372, General Code, and the statement appearing in
 
 Stockum
 
 v.
 
 State,
 
 106 Ohio St., 249, 255, 139 N. E., 855, 856, all offenses committed against minors of which the Juvenile Court is authorized to take cognizance are misdemeanors (Section 13035, General Code, probably excepted), none of them being made punishable by imprisonment in the penitentiary. An affidavit is in keeping with the prosecution of a misdemeanor.
 

 If it were needed, additional support for our position is contained in Section 1683, General Code, enjoining a liberal construction of the Juvenile Court Act in the paramount interests of the minor.
 

 Without lengthening this opinion by other observations which might be appropriate, it is our conclusion that the Juvenile Court of Montgomery county properly acquired jurisdiction over Newton J. Pfistner through the filing of the affidavit against him, and possessed the power and authority to hear and determine the charge against him. If he was aggrieved by the result, error proceedings were open as provided by Section 1668, General Code. It is an elementary prin
 
 *316
 
 ciple of long recognition that an application for a writ of
 
 habeas corpus
 
 cannot be substituted for proceedings in error.
 
 Ex parte Shaw,
 
 7 Ohio St., 81, 70 Am. Dec., 55;
 
 Ex parte McKnight,
 
 48 Ohio St., 588, 28 N. E., 1034, 14 L. R. A., 128;
 
 Ex parte Elicker,
 
 117 Ohio St., 500, 159 N. E., 478; 20 Ohio Jurisprudence, 425, Section 6.
 

 There was prejudicial error on the part of the Court of Appeals in allowing the writ of
 
 habeas corpus
 
 and ordering Pfistner’s release. Therefore, its judgment is reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias and Day, JJ., concur.