524

KEMP, PLAINTIFF-APPELLANT, *v.* MATTHEWS, ADMRX. ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25677. Decided June 14, 1962.

*Mr. John G. Pegg* and *Mr. William B. Saunders,* for plaintiff-appellant.

*Messrs. Gorman, Arthur & Schofield,* for defendant-appellee.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth Appellate District, sitting by designation in the Eighth District.)

RADCLIFF, P. J.  This appeal concerns a will contest.  The plaintiff-appellant herein was the contestant in the trial court and will be referred to as such throughout this opinion.  The defendant-appellee, Ada M. Matthews, was the proponent of the will in the trial court and will be referred to as such throughout this opinion.

The testatrix in this litigation was an elderly illiterate person who had been hospitalized for a long period of time due to tuberculosis.  The testatrix died on June 10, 1958.  The purported will was executed on May 28, 1958.  The will was admitted to probate in the Probate Court of Cuyahoga County on August 25, 1958.

The contestant filed her petition in the Common Pleas Court of Cuyahoga County on November 10, 1958, alleging merely that "the said paper writing is not the Last Will and Testament of the said Linnie Blount."  The proponent filed an answer.  Later an answer and cross-petition was filed by Julius Blount, executor of the estate of Oscar Blount, a former husband of the testatrix, using the same general averment.  There was no order as contemplated by Section 2741.04, Revised Code, filed setting forth the issue or issues.  As a consequence, it is difficult to determine whether the will was attacked on the question of lack of testamentary capacity, undue influence or failure of execution.  An examination of the bill of exceptions reveals that the greatest emphasis was placed on the last two above mentioned grounds for contest.

Trial was had to a jury resulting in a verdict, signed by nine of the jurors, that the paper writing admitted to probate in the Probate Court of Cuyahoga County was the Last Will and Testament of Linnie Blount, deceased.

After disposition of the usual motions, this appeal was perfected.

The appellant urges six assignments of error as follows:

1. The Court erred in overruling plaintiff's motion for a new trial.

526

2. The Court erred in overruling plaintiff's motion for judgment notwithstanding the verdict.

3. The final order and judgment is not sustained by sufficient evidence.

4. The final order and judgment is contrary to law.

5. The Court erred in refusing to charge the jury before argument as requested in plaintiff's request charge before argument No. 3.

6. The Court erred in charging the jury before argument, as requested by defendant in defendant's request charge before argument No. 4.

We will dispose of the assignments in inverse order. The sixth assignment of error attacks proponent's Special Instruction No. 4 which the court gave before argument. At first glance the part quoted in contestant's supplemental brief would appear to be erroneous but when read in its entirety as found on page 354 of the bill of exceptions, we find no efficacy to the argument that the special instruction was erroneous. This is especially true when this special instruction is read with the general charge of the court as found on pages 359 to 374 of the bill of exceptions. This assignment of error is not well taken.

The fifth assignment of error is directed against the trial court's refusal to give contestant's request for special instruction No. 3 before argument. This instruction reads as follows:

"Even if you find by a preponderance of the evidence that Linnie Blount did make a mark on the paper writing purporting to be her last will and testament, it is still necessary that her name which appears at the end of the paper writing, be signed by her or by someone in her presence at her express direction."

The contestant's brief quotes extensively from the testimony of William Jackson and Maggie Moss who were witnesses to the will. The testimony of William Jackson was to the effect that he saw Linnie Blount put her mark on the will but that he does not remember if the name "Linnie Blount" was on the will when he signed as a witness at the testatrix's request. The testimony of Maggie Moss was that she was asked by the decedent to sign the will and that she signed the paper writing without reading it and that she saw William Jackson sign as a witness; that she saw the decedent put the mark on the paper.

The contestant contends that the writing of the words, "Linnie Blount" and "her mark," are a part of the signature required by statute in the execution of a will. The authorities are all to the contrary. The mark is the signature and no other figures or words are necessary. The following quotation from 2 Page on Wills, page 130, expresses the rule very well:

"To constitute a signature that satisfies the statutory formality of execution, two elements are necessary; (1) some visible physical name or mark must be placed upon the instrument by the testator, or by someone in his presence and at his direction, and (2) the name or mark must be placed on the instrument with the specific intent that it have executing effect, this intent sometimes being referred to as animus signandi."

The contestant relies exclusively upon the case of *West* v. *Lucas*, 106 Ohio St., 255. The portion of the opinion of Judge Hough upon which contestant relies is at best dicta, as there is no reference to this question in the syllabus it can have no force and effect. In addition, the case of *West* v. *Lucas (supra)*, and the other cases cited by contestant in his brief in support of their position are distinguishable on facts.

To summarize the testimony in this cause, it shows that the witnesses saw the testatrix place her mark on the will and thereafter signed as witnesses. The testatrix did not acknowledge her signature as such but there is no statutory requirement that such acknowledgment be made unless the testatrix executes her signature in the absence of the witnesses. See Section 2107.03, Revised Code. We feel that a testator who executes his signature by writing or mark in the presence of those that he asks to sign as witnesses, has no statutory duty to acknowledge his signature. This is only necessary when the signature is placed upon a will in the absence of those who are later asked to sign as witnesses. See 31 A. L. R., 682, 42 A. L. R., 954, and 114 A. L. R., 1110. The fifth assignment of error is not well taken.

The third and fourth assignments of error will be considered together as they go to the question of evidence. There is nothing in the bill of exceptions to refute the testimony of William Jackson and Maggie Moss, the attesting witnesses to the will of Linnie Blount, to the effect that the will was executed by her in their presence and that they served as witnesses at her request and that there were others in the room

at the time. The only evidence that conflicts in any way with the above was the fact that May 28, 1958, was on Wednesday and that no visitors were allowed in the hospital in which Linnie Blount was hospitalized on any Wednesday. The jury, the sole judges of the credibility of the witnesses and of all the testimony resolved this conflict in favor of the will and we have no right to substitute our judgment for theirs. This assignment of error is not well taken.

The remaining two assignments of error are not well taken. We have examined the entire proceedings with the utmost care and we are unable to find any error prejudicial to the rights of the contestant and therefore the judgment herein appealed from is hereby affirmed.

Judgment affirmed.

COLLIER, and BROWN, JJ., concur.