James D. Housh

*v.*

The People of the State of Illinois.

1. WARRANT TO ARREST FOR CRIMINAL OFFENSE — *sufficiency of affidavit.* An affidavit made before a justice of the peace, that the affiant, at, etc., on, etc., "had a saddle and sheep skin stolen from his barn in said place, and that he verily believes they are now in possession of a man, name unknown, a large size man, riding a sorrel mare with a light mane and tail, and young colt running after, when last seen, who stayed last night at Edmund Russel's, in Persifer township, this county," is wholly insufficient to confer jurisdiction upon the justice to issue a warrant for the arrest of the party described, as it fails to show that such person was guilty of any crime, and that affiant had just and reasonable grounds to suspect, or did, in fact, suspect he was guilty, and the warrant issued thereon is void.

2. ESCAPE — *criminal liability of officer.* A constable will not be liable to a criminal prosecution for voluntarily allowing a prisoner to escape, for whose arrest he holds a warrant, fair on its face, for a criminal offense, if the affidavit on which the same was issued fails to give the court issuing it jurisdiction; nor will the prisoner be liable for resisting arrest in such a case.

3. PROCESS — *when fair on its face is a protection to officer, and nothing more.* The rule that a ministerial officer is protected in the execution of process issued by a court or officer having jurisdiction of the subject matter and of the process, if it be regular on its face, and does not disclose a want of jurisdiction, is a rule of protection merely, and beyond that confers no right. If the court issuing the same was not authorized to do so, for want of a proper complaint, the officer to whose hands it comes, when sued for neglect of duty or prosecuted criminally, may show in defense such want of jurisdiction.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, and Mr. A. L. HUMPHREY, for the plaintiff in error.

Mr. J. J. TUNNICLIFF, State's attorney, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant was convicted in the court below, for permitting the escape of a prisoner, who had been committed to his custody, in his official capacity of constable.

The affidavit upon which the warrant, by virtue of which the prisoner was arrested, was issued, is as follows:

" STATE OF ILLINOIS,   } *ss.*
   *Knox County.*     }

" The complaint and information of George Huggins, of Knox township in said county, made before James Moore, Esquire, one of the justices of the peace in and for said county, on the sixth day of May, 1873, who, being duly sworn, upon his oath, says that, in Knox township, in the said county, on the 25th day of April, 1873, he had a saddle and sheep skin stolen from his barn in said place, and that he verily believes they are now in possession of a man, name unknown, a large size man, riding a sorrel mare with a light mane and tail, and young colt running after, when last seen; who stayed last night at Edmund Russel's, in Persifer township, this county. He therefore prays that the said unknown described man may be arrested, and dealt with according to law.

                          " GEORGE HUGGINS.

" Subscribed and sworn to, before }
  me, this sixth day of May, 1873. }

                    " JAMES MOORE,
                       " *Justice of the Peace.*"

The warrant recites, among other things, that complaint had been made, under oath, by the complainant, that he " had just

and reasonable grounds to suspect that a certain unknown man " (then follows the description given of him in the affidavit) " is guilty of said theft, or larceny of saddle and sheep skin, as he verily believes." The warrant is, in other respects, in the usual form, and no objection is taken to it, except such as is predicated on the insufficiency of the affidavit.

The warrant was placed in the hands of a constable named Thurman, to execute. Thurman, after receiving the warrant, arrested a man answering to the description therein given, and subsequently delivered the warrant to appellant, and placed the prisoner in his custody. The proof, we shall assume, is sufficiently clear that appellant voluntarily permitted the prisoner to escape from his custody.

The first and third instructions given by the court, at the instance of the people, embrace the only question necessary to be considered, and are as follows:

" 1st. The court instructs the jury that the warrant introduced in evidence in this case is a legal warrant, and will be so regarded by the jury.

" 3d. The jury are instructed that, if they shall believe from the evidence, beyond a reasonable doubt, that on the 6th day of May, A. D. 1873, the warrant introduced in evidence in this case, was issued by James Moore, a justice of the peace of said Knox county, in the State of Illinois, on the complaint of George Huggins, for the arrest of the person described therein, for a criminal offense, and that said warrant was delivered to Fletcher Thurman, a constable of said Knox county, to arrest the person named therein, and that said Thurman, as such constable, and under and by virtue of said warrant, did arrest one William Hughes, and that said Hughes was the person described in said warrant; and that said Thurman afterwards delivered the said warrant, and the body of said prisoner, Hughes, into the legal custody of the defendant, Jas. D. Housh, then and there a constable of said Knox county, and that said James D. Housh wilfully failed and neglected to bring the said prisoner before

62—75TH ILL.

said James Moore, the officer who issued said warrant, or before any other justice of the peace, in his absence, as required by law, but voluntarily suffered and permitted said prisoner, before conviction, to escape and go at large, in manner and form as charged in the indictment, then the jury, if true to their oaths, must find the defendant guilty."

Section 6, article 2, of the constitution, is: " The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated : and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the person or thing to be seized." And section 4, of division 18th, of the Criminal Code (Gross' Stat. 1869, p. 208), provides that it shall be lawful for any judge of the supreme or circuit court, in his circuit, and any justice of the peace, in his county, " upon oath or affirmation being made before him, that any person or persons have committed any criminal offense in this State, or that a criminal offense has been committed, and that the witness or witnesses have just and reasonable grounds to suspect that such person or persons have committed the same, to issue his warrant under his hand," etc.

It will have been observed that the affidavit in this record wholly omits to state, either that the person therein described committed the offense for which the warrant for his arrest was issued, or that the person at whose instance, and upon whose complaint it was issued, had just and reasonable grounds to suspect, or did in fact suspect, that he was guilty of such offense. It is true, that the recent possession of stolen property, unexplained, raises a presumption that the person in possession stole it; but this is only a rule of evidence, and the presumption may be overcome by proof showing that the possession is not inconsistent with an honest intention. The citizen is, both by the constitution and the law, entitled to be free from arrest, by warrant on a criminal charge, until a complaint under oath or affirmation is made, charging that a crime has been committed,

and that there is probable cause to suspect that he committed the same. From aught that appears in this affidavit, the prisoner may have honestly come to the possession of the property claimed to have been stolen, by purchase, or by borrowing, or by finding; and this may have been known to the person making the affidavit. There is nothing in the affidavit necessarily inconsistent with this idea. Without saying more, it is sufficient that, in our opinion, the affidavit was insufficient to give jurisdiction for the purpose of issuing the warrant.

A majority of the court are of opinion that, the affidavit being insufficient, the prisoner was improperly deprived of his liberty, and he was justified in asserting his right to his freedom, guaranteed to him by the constitution and the law, by refusing to submit to the warrant. In breaking away from the officer's custody, he committed no offense. *The State* v. *Leach,* 7 Conn. 752.

The rule, as found in treatises upon criminal law, is, that whenever an imprisonment is so far irregular, that it is no offense in the prisoner to break from it by force, it will be no offense in the officer to suffer him to escape. 2 Hawk. P. C. ch. 29, § 2; Roscoe's Criminal Evidence, 459; 1 Russell on Crimes, 417.

It is true, as contended by the State's attorney, that as the warrant was regular on its face, the officer who made the arrest, and the appellant who received the custody of the prisoner, would be protected in an action for assault and false imprisonment, in consequence of his arrest and deprivation of liberty, but it does not follow therefrom, that appellant was bound to obey the warrant. The somewhat anomalous condition that a sheriff or constable occupies in such cases is well explained in *Tuttle et al.* v. *Wilson,* 24 Ill. 561:

It is there said: " The rule that a ministerial officer is protected in the execution of process issued by a court, or officer having jurisdiction of the subject matter, and of the process, if it be regular on its face, and does not disclose a want of jurisdic-

tion, is a rule of protection merely, and beyond that, confers no right; it is held to be personal to the officer himself, and affords no shelter to the wrong-doer, under color of whose process, if it be void, the officer is called upon to act.

"Such an officer may stop in the execution of process, regular on its face, whenever he becomes satisfied there is a want of jurisdiction in the officer or court issuing it; and if sued for neglect of duty, may show in his defense such want of jurisdiction. *Earl* v. *Camp et al.* 16 Wend. 562. He can, if he chooses, take the responsibility of determining the question of jurisdiction, or any other question to which the process may give rise."

The justice of the peace not having been invested with jurisdiction by the affidavit to issue the warrant, it was void, and it necessarily follows that the court erred in giving the instructions, and that appellant's conviction was improper. The judgment is reversed and the defendant discharged.

*Judgment reversed.*