### KELLEY v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided Nov 7, 1930

J. O. Yates, Ironton, for Kelley.
Lee D. Andrews, Ironton, for State.

BLOSSER, J.

Formerly it was held that in the trial of a person charged with a felony or infamous crime the record must show that the defendant was arraigned and that a plea of not guilty was entered. This was held to be jurisdictional for the reason that it was necessary to make up an issue before the court could proceed with the trial of the case. This rule is anounced in the case of **Crain v. United States, 162 U. S. 625,** the opinion of the court being by Mr. Justice

Harlan with a dissenting opinion by Mr. Justice Peckham. Later this rule was relaxed and the rule in the Crain case was overruled in the case of **Garland v. Washington, 232 U. S. 642**, where it is said that a conviction was not wanting in the due process of law guaranteed by the United States Constitution because no arraignment or plea was had upon the information, where without raising that specific objection before trial the accused had made certain other objections to such information and was put to trial thereon before a jury in all respects as tho he had entered a formal plea of not guilty. In the later case the opinion of the court was announced by Mr. Justice Day and the Supreme Court adopted the reasoning as expressed in the dissenting opinion of Justice Peckham in the case of **Crain v. United States, supra**, as follows:

"A waiver ought to be conclusively implied where the parties had proceded as if the defendant had been duly arraigned and a formal plea of not guilty had been entered, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection and then for the first time urge it in this court."

The plaintiff in error has cited the cases of **Hanson v. State, 43 Oh St 376**, and **Emmons v. State, 14 C. C. (n. s.) 351**, in support of his contention. It will be noted that the charges in both of these cases are felonies under our statutes.

"The authorities differ as to whether an arraignment is necessary in a prosecution for a misdemeanor. The modern tendency is toward relaxing the severity of the ancient rules in criminal trials, especially in the lower grades of *** misdemeanors."

**8 R. C. L. 107.**
"Generally, however, arraignment in the case of misdemeanors may be waived, and a waiver will be implied if the accused proceeds to trial in the usual manner without objection."

**16 C. J. 392.**
"Failure to arraign a defendant accused of a felony is fatal to a conviction. But where the charge is a misdemeanor only it is usually held that arraignment of the accused is necessary."

**Abbott's Trial Brief, Criminal Causes, 24.**
The plaintiff in error having been charged with a misdemeanor in the court below, and having proceeded to trial without any objection because of the failure to arraign and and the trial having proceeded as tho he had entered a plea of not guilty, it is now too late to complain of that irregularity.

Finding no prejudicial error in the record the judgment is affirmed.

Middleton, PJ, and Mauck, J, concur.