WESCOAT *v.* THE STATE OF OHIO.

(Decided February 3, 1934.)

*Mr. John P. Phillips, Jr.,* for plaintiff in error.
*Mr. Lester Reid,* prosecuting attorney, and *Mr. Earl D. Parker,* for defendant in error.

MAUCK, J. An indictment was returned by the grand jury of Ross county on April 4, 1933, charging

Mack Wescoat with an assault with intent to kill Audrey Dutcher. Trial was had resulting in a verdict of guilty of assault and battery. Judgment was entered upon this verdict, and error thereto is now prosecuted to this court.

It is urged here that the verdict and judgment are irregular and unlawful in that the record does not show that the accused was arraigned and given an opportunity to plead before trial, and, further, that the verdict and judgment are against the weight of the evidence.

A transcript of the docket and journal entries shows the return of the indictment on April 4, the arrest on April 5, the service of a copy of the indictment on the last-mentioned day, and the return of the verdict on April 17. It then shows the filing of a motion for a new trial on April 18, and the succeeding entry shows that upon April 20 the accused was arraigned and entered a plea of not guilty as though he had never been tried. The indictment itself bears an indorsement signed by the clerk certifying that on April 6 the defendant was arraigned and entered a plea of not guilty.

Section 13634, General Code, prior to the recent revision of the statutes governing criminal procedure, provided that when the accused pleaded not guilty the plea should be entered on the indictment. That section was, however, repealed by the new Criminal Code, and there was substituted therefor Section 13440-3, which provides that the plea, instead of being endorsed upon the indictment, shall "immediately be entered upon the minutes of the court."

The prosecuting attorney advises this court professionally that the accused had in fact been arraigned and had entered his plea at the time indicated by the indorsement on the indictment, and that the real purpose of the entry of April 20 was to evidence that fact. If we deemed it necessary that the record in this case show an arraignment, we would defer action until the

prosecuting attorney had an opportunity to secure a *nunc pro tunc* entry in the trial court, and cause the record to conform to what he claims the facts to be.

The state argues that inasmuch as the accused was found guilty of a misdemeanor only, *Kelley* v. *State*, 37 Ohio App., 524, 174 N. E., 596, is decisive of the question. In that case we had a case of failure to arraign where the accused was charged with a misdemeanor only. In the instant case the charge is a felony. Whether an error that would be deemed prejudicial in a felony case is condoned by a verdict for a less offense we shall not decide.

In *Hanson* v. *State*, 43 Ohio St., 376, 1 N. E., 136, it is held that a record is defective if it fails to show that a defendant charged with a felony was arraigned on the indictment before trial, and that holding was doubtless induced by *Goodin* v. *State*, 16 Ohio St., 344. The *Goodin case* was predicated, however, upon the doctrine that then prevailed in this state that every procedural step in a criminal case is jurisdictional, and that whatever is prescribed by the Constitution and laws of the state to be done in prosecutions for crime can neither be omitted nor waived. This rule no longer obtains. It is now well established that constitutional rights may be waived, and no reason is apparent why any constitutional right not going to the power of the court to try the case cannot be waived by one not desiring to avail himself of it.

"If a defendant wishes to avail himself of omissions of duty on the part of the state, he must do so on motion before trial, and if he proceeds to trial without making such objection, it will be regarded as a waiver of the omission." 12 Ohio Jurisprudence, 189.

The early federal rule was that the arraignment could not be waived. *Crain* v. *United States*, 162 U. S., 625, 16 S. Ct., 952, 40 L. Ed., 1097. That doctrine, however, was expressly overruled, and a modern doctrine of the federal courts laid down in *Garland* v.

*State of Washington*, 232 U. S., 642, 34 S. Ct., 456, 58 L. Ed., 772, where it is said:

"Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if the defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court."

At the outset of the trial the prosecuting attorney made a statement of his case. The accused was represented by able, experienced counsel, and his examination of the witnesses showed his complete understanding of the nature of the case. The defendant's testimony shows that he knew what the charge was and his defense thereto. It is apparent, therefore, that no conceivable prejudice could have resulted from the failure to arraign. We accordingly conclude that, if this judgment is otherwise sound, it cannot be reversed for a failure to arraign, where the question is first raised in a court of review, even though the indictment charged a felony.

The other question presents no difficulty. It has been argued that the character of the witnesses in this case is such that no judgment of conviction can safely rest thereon. However true that might be under some other defense we need not discuss. In this case we have the accused convicted of assault and battery upon a woman. We quote from the record a single question and answer when the defendant was on the stand:

"Q. Mr. Wescoat, you struck Audrey Dutcher with a poker, did you not?   A. Sure I did."

By his own language the defendant admitted all that was necessary to support a judgment of conviction in the absence of evidence justifying the assault thus admitted.   Surely, if all the witnesses in this case are unworthy of credence, the defendant cannot be said to have established self-defense by a greater weight of the evidence.

*Judgment affirmed.*

BLOSSER, P. J., and MIDDLETON, J., concur.