(No. 22218.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER EVENOW, Plaintiff in Error.

*Opinion filed February 23, 1934.*

JAMES M. BURKE, GEORGE M. CRANE, THOMAS E. KLUCZYNSKI, and DAVID HARTIGAN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Walter Evenow, called the defendant, was jointly indicted in Cook county with John Senew, Frank Mallen and Michael Senew for the murder of William Rumbler.

Mallen was not apprehended. Michael Senew was granted a severance. Evenow and John Senew were tried before a jury in the criminal court of Cook county. They were convicted and sentenced to sixty years' imprisonment in the penitentiary. Evenow has prosecuted a writ of error.

On the night of October 12, 1930, a man, who the evidence shows was Evenow, entered the soft drink parlor of James Purcelle, at 3174 Milwaukee avenue, Chicago. In the front room of Purcelle's place of business was a bar, a table and a few chairs or stools. In the back room was a piano and a small amount of furniture. Purcelle was seated on a stool back of the bar and Rumbler was seated on a stool immediately in front of the bar. Two itinerant negro musicians were in the back room. When Evenow entered the bar-room he asked Purcelle if Mickey Galvin was around. Shortly thereafter two other men, one of whom is said to have been John Senew and the other Frank Mallen, entered the bar-room from the street and someone said, "Stick them up!" The men who came in last went toward the back room. Evenow started to walk around Rumbler, and as he did so, Rumbler, who was a police officer but off duty at the time, drew his gun and grappled with Evenow. Shooting started and a number of shots were fired. Rumbler was killed, Evenow's leg was broken by a bullet and John Senew received a superficial wound on the abdomen.

Evenow did not testify in his own behalf before the jury. Senew was a witness and denied participation in the crime. The evidence leaves no room to doubt plaintiff in error's guilt. There is no assignment of error that the verdict is against the weight of the evidence. The errors assigned are: The failure of the record to show that the defendant was arraigned or entered a plea; the admission of a confession alleged to have been made by defendant; misconduct of both the trial judge and the State's attor-

ney to the prejudice of the defendant, and the overruling of a motion for a new trial.

The record does not show that the defendant was ever arraigned, but it discloses that on May 11, 1931, he made a motion for a separate trial, which was overruled, and then the following entry appears: "May 11, 1931.—Motion State for separate trial as to Michael Senew. Sustained. Plea of not guilty heretofore entered as to the said defendants, John Senew and Walter Evenow, and issue being joined. Selection of jury." There is no other reference to a plea in the record. It is the contention of the defendant that the language, "Plea of not guilty heretofore entered as to the said defendants, John Senew and Walter Evenow," does not constitute a record entry of a plea— that it is simply a recital of a past event—and that the record shows an absence of any plea of not guilty "heretofore entered." Section 3 of division 13 of the Criminal Code (Cahill's Stat. 1933, par. 755,) is as follows: "Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the State and the prisoner. And if the clerk neglects to insert in the minutes the said arraignment and plea, it may and shall be done at any time by order of the court, and then the error or defect shall be cured." The provision for arraignment may be waived. One method of waiving it is by entering a plea and proceeding to trial. (*Fitzpatrick* v. *People,* 98 Ill. 259.) But the provision for the entry of a plea is mandatory, and since the decision in the case of *Johnson* v. *People,* 22 Ill. 314, this court has consistently observed the rule that where the record does not affirmatively show the entry of a plea of not guilty there is no issue and there is nothing to be tried by a jury. The ab-

sence of such affirmative showing is fatal to the record. (*Johnson* v. *People, supra; Yundt* v. *People,* 65 Ill. 372; *Hoskins* v. *People,* 84 id. 87; *Parkinson* v. *People,* 135 id. 401; *People* v. *Kennedy,* 303 id. 423.) Counsel for the State have cited authorities to the contrary from certain other jurisdictions, but we adhere to our own rule, not only because of the doctrine of *stare decisis* but because in our judgment it better comports with the proper administration of justice.

The word "mention," in the provision of the statute above quoted, does not have its ordinary meaning but is used in the sense of "record." (Webster's New Int. Dict.) We therefore come to the question of whether or not the recital that a plea had been heretofore entered is sufficient to show that it had been actually entered. It is certain that if the defendant had theretofore pleaded not guilty the clerk neglected his duty to immediately enter the plea upon the minutes of the court. But the statute recognizes that an omission of this character may occur, and it is provided that if it does occur the court may at any time make an order which will show the entry of the plea, and such order will cure the error or defect of the clerk's omission. The record made by the court that a plea of not guilty had been heretofore entered imports verity. (*Wolf* v. *Hope,* 210 Ill. 50.) The recital is a mention or record that the plea had been actually made before the case was called for trial. We are bound by that record, and inasmuch as the defendant proceeded to the trial of his cause upon it, he is held to have waived arraignment.

The State's "Exhibit 12" is a typewritten instrument purporting to be a confession made by the defendant. It is claimed that the court erred in admitting it because it was procured through "third degree" methods of the police. A situation is presented which is not unusual in cases of this character. The testimony of the defendant revealed cruel and barbaric treatment in order to extort a confession from

him. On the other hand, several policemen testified that no such treatment was administered to the defendant and that his confession was made freely and voluntarily. We are not always free from doubt about what are the actual facts. In cases where we are convinced that such inhuman methods were employed we do not hesitate to condemn them and to reverse a conviction if it has resulted from the weight of the alleged confession. Whatever the facts in this case may be, the evidence tends to show that the defendant did upon another occasion, when no illegal pressure was brought to bear upon him, make a confession of his guilt. John Senew made a signed confession at the detective bureau. It was taken down in shorthand and then transcribed in triplicate. A copy was given to Senew, another copy to the defendant, and one was read aloud by the stenographer in the presence of the defendant, Senew and several other persons. At the conclusion of the reading Senew was asked whether the statement was true, and he replied that it was. Evenow was asked the same question, and he said, "Senew knew what he was talking about, and if he wanted to tell it, it was all right." The defendant's failure to deny the statement of Senew which implicated him in the crime is a strong circumstance against him, (*People* v. *Cardinelli*, 297 Ill. 116; *People* v. *Paisley*, 299 id. 576; *People* v. *Andrae*, 305 id. 530; *People* v. *Hanley*, 317 id. 39;) and supports the contention that his own confession was voluntarily made. The statement was admissible in evidence.

It is, indeed, a very unpleasant duty to criticise the conduct of judicial officers. They have undertaken to uphold the majesty of the law. Dignity and decorum on their part are essential to the performance of their exalted task. The willingness of the assistant prosecuting attorney to take an unwarranted advantage of his position, his lack of courtesy to opposing counsel, and the obvious irritability of the court toward counsel for the defense are plainly dis-

closed by the record. Zeal in suppressing the "crime wave" or deference to a popularized manifestation of public sentiment should never cause the judicial department to veer from its charted course of rectitude and constancy. Were it not that the evidence leaves no reasonable doubt of the defendant's guilt and that the verdict bears no semblance of passion or prejudice unduly aroused, this judgment of conviction would be reversed. The proof of guilt is clear. The penalty is commensurate with the crime and the court did not err in overruling the motion for a new trial.

The judgment is affirmed. *Judgment affirmed.*