STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. AR-
THUR O'TOOLE, PLAINTIFF IN ERROR.

Argued February 7, 1935—Decided May 17, 1935.

For the plaintiff in error, *George E. Cutley.*

For the defendant in error, *Daniel T. O'Regan,* prosecutor of the pleas.

The opinion of the court was delivered by

BODINE, J. The defendant was convicted in the Quarter Sessions. The record before us is attenuated. We have decided to consider the case as if it were before us under section 136 of the Criminal Procedure act. The judgment record shows no arraignment and no plea, but it does show

that there was a jury trial in which an attorney for the defense was present participating in the selection of the jurors, the presentation of evidence and in the summation to the jury.

The case having proceeded, without objection, as though the defendant had been duly arraigned and a formal plea entered, we fail to see wherein the defendant suffered any manifest wrong or injury. *Garland* v. *State,* 232 *U. S.* 642; *State* v. *Profita,* 114 *N. J. L.* 334. Undoubtedly, an arraignment and a plea are matters of substance secured to the defendant by the sixth amendment to the federal constitution and by article 1, section 8 of our own constitution. *Johnson* v. *United States,* 225 *U. S.* 405. Still there is no reason why these rights may not be waived by conduct such as here.

The arraignment is perhaps best understood as the formal opportunity given the accused to be informed of the nature and cause of the accusation. When so informed, he can enter his plea and if a plea of not guilty is entered a jury is impaneled, when the case is moved. The accused in this case, if he had, through his counsel, made known to the court the fact that he had not been arraigned could then have been called to the bar and been informed of the charge as made against him. A plea could then have been entered. Since no objection was made by counsel to the circumstance that he was not arraigned, we must assume that the defendant, since he did not press his right, was well informed as to the nature and cause of the accusation. Further, we regard the defect in the proceeding, both as to lack of arraignment and plea, as waived by the participation by defense counsel in the selection of the jurors, the presentation of testimony and the summation of the case to the jury.

The judgment is affirmed, with costs.

*For affirmance*—LLOYD, BODINE, DONGES, PERSKIE, VAN BUSKIRK, WELLS, JJ.   6.

*For reversal*—PARKER, CASE, KAYS, DEAR, JJ.   4.