(No. 27351.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GRAHAM O'HARA,·Plaintiff in Error.

*Opinion filed November 16, 1943.*

JAMES E. DANIELS, and CAMERON LATTER, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Graham O'Hara, prosecutes a writ of error to the criminal court of Cook county to reverse a judgment of that court adjudging him guilty of the crime of murder, and sentencing him to the penitentiary for the term of his natural life.

The sufficiency of the indictment is not questioned, and the case comes to this court upon the common-law record only. The errors assigned are: (1) that the judgment of the court was rendered in the cause without any plea being interposed to the indictment by the defendant; and (2) that the record fails to disclose that preliminary to sentencing him the judge warned him of the consequences of entering a plea of guilty.

After the return of the indictment the record shows that on March 17, 1939, defendant was duly arraigned, furnished with a copy of the indictment and a list of the witnesses, and entered a plea of not guilty. The record discloses the following:

"May 8, 1939—Court convened.

"This day come the said people by Thomas J. Courtney, State's Attorney, and the said Defendant as well in his own proper person as by his Counsel also comes.

"And the said Defendant by leave of Court now here withdraws his plea of Not Guilty heretofore rendered to the indictment in this cause.

"And the said Defendant having been arraigned in this cause and furnished with a copy of the indictment and a list of the witnesses appearing thereon and being advised as to the nature of the charge in the indictment and being informed, warned and cautioned as to the effect of a plea of guilty of murder and of each penalty provided by law for the offense to which said Defendant now pleads guilty and that the Court has the power to impose either of said penalties; but the defendant persists in his plea of guilty of murder and said plea is ordered to be received and entered of record in this cause.

"Testimony of witnesses heard, cause continued to May 11, 1939.

"May 12, 1939.—Further testimony and arguments of counsel heard. The judgment on the plea is: The de-

fendant, Graham O'Hara, otherwise called, etc., is guilty of Murder as charged in the indictment. Motion to vacate judgment entered and overruled and exception.

"Defendant sentenced on 'plea and judgment' to imprisonment in the penitentiary for the term of his natural life."

It is the position of the plaintiff in error that there is nothing in the record to show that any plea was entered by him after his withdrawal of the plea of not guilty. It is, of course, well settled that a plea to an indictment is mandatory before the court has authority to pronounce judgment against a defendant in a criminal case. (*Gould* v. *People*, 89 Ill. 216; *People* v. *Bain*, 358 Ill. 177.) The People do not dispute this proposition of law, but assert the record sufficiently shows that a plea of guilty was entered.

An inspection of the record of May 8, 1939, clearly shows that the defendant withdrew his plea of not guilty; that he was again arraigned, and furnished with a copy of the indictment and a list of the witnesses thereon; that he was cautioned as to the effect of the plea of guilty of murder; that he persisted in a plea of guilty of murder, and that such plea was ordered to be received and entered of record.

Counsel for plaintiff in error contends the effect of the recital in the record is that the court warned defendant "of each penalty provided by law for the offense to which said defendant now pleads guilty," and therefore the record is silent as to the nature of the offense to which he did plead guilty. This quotation contained in the brief of plaintiff in error is only a part of the material words in the record, which are: "And the defendant * * * *being warned and cautioned as to the effect of a plea of guilty of murder and of each penalty provided by law for the offense to which said defendant now pleads guilty; * * ***

but the defendant persists in his plea of guilty of murder and said plea is ordered to be received and entered of record in this cause."

This record shows beyond question the court explained the effect of a plea of guilty of murder and what penalty he could impose, and that the defendant persisted in a plea of guilty of such offense. Any reasonable construction of this language would indicate beyond a doubt that a plea of guilty of murder was interposed to the indictment and entered of record. We would be satisfied of the legality and propriety of the record in this case without the citation of authority, but substantially the same question has been decided by this court adversely to the defendant. In *People* v. *Evenow,* 355 Ill. 451, the question was raised that the language "plea of not guilty heretofore entered," etc., did not sufficiently show a plea had been interposed, but we said in that case that because of the rule the record imports absolute verity this language was sufficient to show not only a plea had been made, but that it had been recorded. This case was adhered to and followed in *People* v. *Davis,* 362 Ill. 417. The contention of the plaintiff in error that the record fails to show he entered a plea to the indictment upon which he was sentenced and judgment entered cannot be sustained.

The second objection raised by plaintiff in error is that the recitals in the record fail to comply with the statute requiring the defendant be warned of the consequences of entering such plea. The language of the statute requires the court to "have fully explained to the accused the consequences of entering such plea." (Ill. Rev. Stat. 1941, chap. 38, par. 732.) The language contained in the record of the case before us is that the defendant was informed, warned and cautioned as to the effect of a plea of guilty of murder. It is obvious the record in this case discloses the statute was complied with, because "being informed, warned and cautioned" is as comprehensive as the require-

ment of the statute that the effect of the plea be fully explained to the defendant.

In the recent case of *People* v. *Williams,* 383 Ill. 348, the language contained in a record showing a plea of guilty and sentencing to capital punishment is almost identical with that contained in the record in the present case, with the exception the word "informed" is used instead of the word "advised," but otherwise is the same. In the *Williams case,* after an exhaustive review of the authorities, it was held the record was sufficient to show that all of the requirements of the statute were complied with. It is unnecessary for us to here repeat the citation of the cases mentioned in that opinion. It is sufficient to say we adhere to all that was said therein.

There is no merit in the contentions made by plaintiff in error, and the judgment of the criminal court of Cook county is accordingly affirmed.  *Judgment affirmed.*