(No. 32731.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MERLE HAMM, Plaintiff in Error.

*Opinion filed May 20, 1953.*

MERLE HAMM, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and MARTIN J. CORBELL, State's Attorney, of Vandalia, (FRED G. LEACH, and HARRY L. PATE, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Merle Hamm, defendant below, was convicted at the February, 1950, term of the circuit court of Fayette County, of the crime of escaping from the Illinois State Farm at

Vandalia. He brings this writ of error to review that judgment of conviction.

At the February, 1950, term of the circuit court of Fayette County the defendant was indicted for the crime of escaping from the Illinois State Farm at Vandalia. The indictment contained three counts, each charging the same crime in different language. Judge Joe Dees, an attorney of that county, was appointed to represent the defendant. He was then duly arraigned and entered a plea of guilty, which the court refused to accept, admonishing the defendant of the consequences of his plea. Defendant persisted in his plea of guilty and waived trial by jury, whereupon he was adjudged guilty of the crime charged. He was then sentenced to the Illinois State Penitentiary for a minimum term of five years and a maximum term of ten years in accordance with section 5 of the act in relation to the Illinois State Farm. Ill. Rev. Stat. 1949, chap. 118, par. 18.

Defendant assigns error claiming that the indictment under which he was convicted was void for the reason that it purports to be a "True Bill" although count II thereof contains false and erroneous information. Count II of the indictment, in the first part thereof, asserts that the defendant was convicted of stealing the property of one William Oney in Whiteside County, and as a result of his conviction on said charge was sentenced to the State Farm in Fayette County. This, the defendant contends, was false and erroneous for the reason that the information on which he was convicted in Whiteside County charged that the property alleged to have been stolen by him was the property of Floyd Hamm. He, therefore, complains that he was convicted, sentenced, and committed to the Illinois State Farm for an alleged crime other than that stated in count II of the indictment.

In support of his contentions defendant presents an "Exhibit B" purported to be a certified record of the proceedings of the county court of Whiteside County, wherein

defendant was tried, convicted, and sentenced to the Illinois State Farm. This cause comes here on the common-law record, and our inquiry is circumscribed by what is contained in that record. Where the alleged error is without basis in the common-law record, it is not open to consideration in the absence of a bill of exceptions. (*People* v. *Sweeney*, 409 Ill. 223; *People* v. *Baldridge*, 403 Ill. 606; *People* v. *Corrie*, 387 Ill. 587.) This "Exhibit B" is not, nor does it purport to be, any part of the common-law record here submitted. · Neither is it, nor does it purport to be, a part of any bill of exceptions in this cause, as none is presented. Therefore, there is no basis for according it consideration in support of the error assigned by defendant.

Even if count II of this indictment were defective, it does not follow that the entire indictment would thereby be rendered void and the conviction thereunder invalidated. The statute, at the time defendant was sentenced, read: "Whoever being a prisoner at the Illinois State Farm escaped therefrom is guilty of a felony and upon conviction shall be imprisoned in the penitentiary not less than one year nor more than ten years." (Ill. Rev. Stat. 1949, chap. 118, par. 18.) An indictment is sufficient which charges the offense in language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified, with reasonable certainty, of the precise offense with which he is charged. (*People* v. *Klemann*, 383 Ill. 236.) Counts I and III of this indictment are substantially in the language of the statute, each alleging defendant was a prisoner at the Illinois State Farm and escaped therefrom, and are entirely sufficient to notify the defendant of the nature of the offense with which he is charged. The date of the alleged crime is set forth in each of said counts, although it is not necessary to be precisely proved by the People. (*People* v. *Kennay*, 391 Ill. 572.) By his plea of guilty to the indictment defendant confessed his guilt and every essential element of

the crime, that he was a lawful prisoner of the Illinois State Farm and that he escaped therefrom. (*People* v. *Devore,* 402 Ill. 339.) He can hardly now urge that he was not informed of the crime charged.

Defendant does not question counts I and III which we have determined are sufficient to sustain the judgment, but contends merely that count II renders the entire indictment void. Where one of several counts in an indictment is sufficient to sustain a judgment, the conviction must stand. (*People* v. *Donaldson,* 341 Ill. 369.) Accordingly, the judgment of the circuit court of Fayette County is affirmed.

*Judgment affirmed.*