(No. 35110.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HILL, Plaintiff in Error.

*Opinion filed May 22, 1959—Rehearing denied September 22, 1959.*

JOHN R. SNIVELY, of Rockford, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN A. STROM, State's Attorney, of Belvidere, (FRED G. LEACH and ROGER D. LAPAN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

William Hill was indicted by the grand jury of Boone County for the offense of escaping from the county jail while awaiting trial for attempted burglary. He waived a trial by jury, was tried by the court, found guilty and sentenced to imprisonment in the penitentiary for a term of not less than eighteen months nor more than five years.

On this writ of error he first contends that the indictment is defective. The indictment charged that on April 6, 1958, he unlawfully escaped, "the said William Hill then and there being a prisoner in said jail lawfully committed and detained therein and awaiting trial for a felony, to-wit: Attempted Burglary * * *." His argument is that the indictment is fatally deficient because it does not set out the authority by which he was committed to the county jail. Section 6 of division XI of the Criminal Code provides that an indictment shall be deemed sufficient when it states the offense in the terms and language of the statute creating it, or so plainly that the nature of the offense charged may be easily understood. (Ill. Rev. Stat. 1957, chap. 38, par. 716.) The indictment in this case was in the language of the statute. (Ill. Rev. Stat. 1957, chap. 38, par. 228b.) Moreover, it unmistakably informed the defendant of the precise offense with which he was charged. (*People* v. *Hamm,* 415 Ill. 224.) No bill of particulars was requested. "Niceties and strictness of pleadings are supported only where a defendant would be otherwise surprised on the

trial or be unable to meet the charge or prepare his defense."
(*People* v. *Woodruff,* 9 Ill.2d 429, 440.) The indictment
was sufficient.

When the defendant escaped from the county jail he
was being held there on a *capias* issued by the circuit court
of Boone County, following his indictment by the grand
jury of that county for the crime of attempted burglary.
That indictment and *capias* were received in evidence upon
his trial for escape. He contends that it was error to admit
them because the indictment for attempted burglary was
defective. And he raises the same question in the form of
an attack upon the sufficiency of the proof to establish his
guilt beyond a reasonable doubt, on the theory that because
the indictment was defective there was no competent proof
that he was lawfully held in custody.

The alleged defect is that the indictment charges that
the building that the defendant entered was "in possession
of and occupied by the United States Post Office." His
point is that the United States Post Office is not a legal
entity and that the indictment should have alleged owner-
ship and possession in the United States of America. We
do not find it necessary to discuss the validity of the tech-
nical objection thus raised because the contention rests upon
a fundamentally erroneous premise.

Basically, the contention is that a prisoner commits no
crime when he escapes unless his commitment is technically
lawful in all respects. There are decisions that seem to have
so held, (*e.g., People* v. *Ah Teung,* 92 Cal. 421, 28 Pac.
577; *State* v. *Pishner,* 73 W. Va. 744, 81 S.E. 1046; *State*
v. *Ferguson,* 100 Ohio App. 191, 135 N.E.2d 884,) and
indeed *Housh* v. *People,* 75 Ill. 487, looks in that direction,
although the case is distinguishable on its facts. But a more
realistic point of view has come to prevail. "A prisoner
in a penal institution under commitment by a court of com-
petent jurisdiction may not defy his guards and run away.
* * * Escape and attempted escape from prison involve

dangerous consequences. Prison guards are authorized by law to shoot a prisoner who attempts to escape." (*Tann* v. *Commonwealth*, 190 Va. 154, 56 S.E.2d 47, 49.) "Remedies are available for procuring through legal process the release of those who are unlawfully held in custody." (*Mullican* v. *United States*, (5th cir.) 252 F.2d 398, 403.) See also, *Aderhold* v. *Soileau*, (5th cir.) 67 F.2d 259; *Bayless* v. *United States*, (9th cir.) 141 F.2d 578; *Lopez* v. *Swope*, (9th cir.) 205 F.2d 8; *Moore* v. *Commonwealth*, 301 Ky. 851, 193 S.W.2d 448; *Stinehagen* v. *Olson*, 145 Neb. 653, 17 N.W.2d 674; *State* v. *Hayes*, 52 N.J. Super. 178, 145 A.2d 28; *People* v. *Hinze*, 97 Cal. App 2d 1, 217 P.2d 35.

We hold, therefore, that even if the indictment under which the defendant was held was invalid, its validity can not be challenged in this case. More orthodox procedures than escape were available to raise that issue.

The most serious objection made by the defendant to the proceedings in the trial court is that he was tried and convicted without having entered a plea. He argues that the trial court lacked authority to enter a judgment of conviction on the indictment without first receiving the plea of the defendant. Section 3 of division XIII of the Criminal Code provides: "Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the state and the prisoner. And if the clerk neglects to insert in the minutes the said arraignment and plea, it may and shall be done at any time by order of the court, and then the error or defect shall be cured." Ill. Rev. Stat. 1957, chap. 38, par. 731.

A hundred years ago this court concluded that this provision, in the light of its common-law background, required that a defendant's motion in arrest of judgment on the

ground that no plea had been entered at his trial be sustained, saying that "it is believed that the practice is uniform, both in England and this country, in requiring the formation of an issue to sustain a verdict. Without it there is nothing to be tried by the jury. If the record had shown that the trial was by consent, in the case of a misdemeanor, it might be held to cure the defect, but when the trial does not appear to have been so had, no such intendments can be indulged. Or in case there had been a plea entered, and the clerk by an omission of his duty, had failed to enter it upon the record, the prosecuting attorney might have cured the defect by procuring such an entry under the order of the court. But the statute has provided for no other mode of obviating the objection, and unless waived by the defendant, it must be held to be error. In this case the error has not been cured by either of these modes, and the judgment should have been arrested for the want of such plea." (*Johnson* v. *People*, 22 Ill. 314, 317.) In subsequent cases, this decision, despite its reference to the possibility of waiver by a defendant, has crystallized into a rule that a criminal conviction is a nullity unless the record shows that the defendant made a plea to the indictment. (*Yundt* v. *People*, 65 Ill. 372; *Aylesworth* v. *People*, 65 Ill. 301; *Hoskins* v. *People*, 84 Ill. 87; *Gould* v. *People*, 89 Ill. 216; *Parkinson* v. *People*, 135 Ill. 401; *People* v. *Kennedy*, 303 Ill. 423; *People* v. *Kurant*, 331 Ill. 470; *People* v. *Evenow*, 355 Ill. 451; *People* v. *Bain*, 358 Ill. 177; *People* v. *O'Hara*, 384 Ill. 511; *People* v. *Shoffner*, 400 Ill. 174.) We believe that this proposition should be re-examined.

There can be no quarrel with the basic premise of *Johnson* v. *People* that an issue is to be drawn before a case goes to trial. But subsequent decisions appear to have added to that premise the notion that the relaxed statutory method of framing the issue can not be waived. A similar rigid view was expressed by a majority of the United States Supreme Court in 1896 when it was.held that "due process

of law requires that the accused plead, or be ordered to plead, or, in a proper case, that a plea of not guilty be filed for him, before his trial can rightfully proceed  *  * *." (*Crain* v. *United States*, 162 U.S. 625, 645, 40 L. ed. 1097.) But seventeen years later the court reversed itself, holding that a State court did not deprive a defendant of substantial rights by a finding that he waived his privilege to enter a plea of not guilty when his trial was conducted without objection as though he had made such a plea. The court concluded that "the technical enforcement of formal rights in criminal procedure sustained in the Crain case is no longer required in the prosecution of offenses under present systems of law  *  * *." *Garland* v. *Washington*, 232 U.S. 642, 646-47, 58 L. ed. 772.

The approach adopted in *Garland* v. *Washington* has since been followed by a number of State courts. (See, *e.g.*, *Hutchinson* v. *State*, (Okla. Cr. Ct. of App.) 278 P.2d 858; *State* v. *Trabbold*, 47 Del. 391, 91 A.2d 537; *Bridges* v. *State*, 247 Wis. 350, 19 N.W.2d 862; *Maher* v. *State*, 144 Neb. 463, 13 N.W.2d 641; *State* v. *O'Toole*, 115 N.J.L. 205, 178 Atl. 780; *Stewart* v. *State*, 164 Tenn. 202, 46 S.W.2d 811; *Wescoat* v. *State*, 47 Ohio App. 266, 191 N.E. 816.) It was anticipated in a dissent by three justices of this court in *Hoskins* v. *People*, 84 Ill. 87, 88: "The entry of a plea, under the circumstances, was mere form, and unnecessary. If objections so technical as this are to prevail, it will be difficult to enforce the criminal code." But the defendant's formal plea has continued to be regarded as vital to a judgment of conviction. See *People* v. *Evenow*, 355 Ill. 451; *People* v. *Kennedy*, 303 Ill. 423.

At early common law, even minor deviations from procedural ritual by the prosecution were fatal. This emphasis on form has often been attributed to judicial rebellion at the inadequate protection which was afforded to the criminally accused and the undue severity of the punishments by law. (See *McKinney* v. *People*, 2 Gilm, 540, 549.)

However that may be, the solicitude which was once lavished upon formal technicalities is now directed toward matters that are significant in terms of the right of the accused to a fair trial. Important changes have resulted. When the *Johnson case* was decided in 1859, for example, an accused person was prohibited, by reason of his interest, from testifying in his own behalf. (*Cf.* Ill. Rev. Stat. 1957, chap. 38, par. 734.) He could not waive a trial by jury, no matter how advantageous such a waiver might have been. (*Cf. People ex rel. Swanson* v. *Fisher,* 340 Ill. 250; *People* v. *Spegal,* 5 Ill.2d 211.) Nor could he anticipate a forthcoming indictment and, by formal waiver of his right to be indicted, commence at once upon the service of his sentence. (*Cf. People* v. *Bradley,* 7 Ill.2d 619.) His right to be represented by counsel if he was indigent was not safeguarded as it is today. (*Cf.* Ill. Rev. Stat. 1957, chap. 110, par. 101.26.) Nor did he have a right to a complete review unless he was able to pay for a transcript of the testimony at his trial. (*Cf.* Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1.) Other significant changes that have furnished additional safeguards to an accused person could be enumerated.

The rule that has been derived, right or wrongly, from the *Johnson case,* is out of keeping with the spirit that has substituted, in criminal procedure as well as in civil, an interest in the significant rights of the litgants for a ritualistic concern with empty formalities. So we look to the record to determine whether or not the omission of a formal plea adversely affected the rights of the defendant. After the defendant's motion to quash the indictment had been overruled, the case was set for trial "upon agreement of the parties herein." Thereafter the defendant formally waived his right of trial by jury. At the conclusion of the evidence offered by the prosecution, the defendant moved for a finding of not guilty, and again at the conclusion of all of the evidence that motion was renewed. The record shows with-

120

out doubt that the case was tried upon the assumption that a plea of not guilty had been filed. The statute "clearly permits all meritorious defences to be made under the plea of not guilty." (*Hankins* v. *People*, 106 Ill. 628, 636.) We fail to see how the defendant's situation would have been altered in any respect if a formal plea of not guilty had been entered. We hold, therefore, that under these circumstances the want of a formal plea of not guilty does not require that the judgment of conviction be set aside. Decisions to the contrary are overruled.

The remaining contention that the defendant's motion for discharge for want of prosecution was improperly denied because he had been in the Boone County jail more than four months before he was brought to trial is without merit. He escaped from the jail on April 6, 1958, and was brought to trial for this offense on June 10, 1958. That he had been in jail before the offense was committed is, of course, of no significance.

The judgment is affirmed.

*Judgment affirmed.*