OPINION *Page 2 
{¶ 1} Defendant-appellant, Lisa R. Monnette (hereinafter "Monnette"), appeals the Marion County Municipal Court judgments denying her motion to suppress, motion for leave to file a delayed motion to suppress, motion for re-arraignment, and the resulting judgment of conviction. For the reasons that follow, we affirm.
 {¶ 2} On May 12, 2008, the Marion County Sheriffs Office charged Monnette in three separate complaints with: one (1) count of disorderly conduct for intoxication in violation of R.C. 2917.11, a minor misdemeanor; one (1) count of obstructing official business in violation of R.C. 2921.31, a second degree misdemeanor; and one (1) count of permitting underage consumption in violation of R.C. 4301.69(B), a first degree misdemeanor. (Doc. No. 1)
 {¶ 3} Arraignment was scheduled for May 13, 2008, but Monnette failed to appear. (Doc. Nos. 1, 3). On May 14, 2008, Monnette filed a written plea of not guilty wherein she waived the reading of the complaint and acknowledged receipt thereof and waived speedy trial rights. (Doc. No. 3).
 {¶ 4} On May 16, 2008, Monnette's attorney, Timothy A. Roston, filed a notice of appearance and a discovery demand. (Doc. Nos. 5, 6). The State provided discovery on May 21, 2008. (Doc. No. 9). A pre-trial was scheduled for May 30, 2008, and a jury trial was scheduled for July 9, 2008. (Doc. Nos. 4, 10). *Page 3 
 {¶ 5} On June 20, 2008, Monnette filed a suppression motion, and the State filed its memorandum in opposition on June 23, 2008. (Doc. Nos. 11, 12). On June 23, 2008, the trial court denied the motion and ordered that it be stricken from the record. (Doc. No. 13). On June 25, 2008, Monnette filed a motion for an extension of time and leave to file a delayed motion to suppress, which the trial court denied that same day. (Doc. Nos. 16, 17). Also on June 25, 2008, Monnette filed a motion objecting to her lack of a proper arraignment and requesting that she be re-arraigned, which the trial court denied on July 3, 2008. (Doc. Nos. 14, 18).
 {¶ 6} On July 8, 2008, Monnette entered a no contest plea with a stipulated finding of guilty to an amended charge of one (1) count of permitting underage consumption in violation of R.C. 4301.69(B), a first degree misdemeanor. (Doc. No. 20). The trial court found Monnette guilty and sentenced her to one hundred eighty (180) days in jail, with one hundred seventy five (175) days suspended, imposed a one thousand dollar ($1,000) fine but suspended four hundred and fifty dollars ($450), and ordered her to be placed on three (3) years community control. (Id.).
 {¶ 7} On August 6, 2008, Monnette filed an appeal. (Doc. No. 25). Monnette now appeals and raises three assignments of error for our review. We have combined Monnette's second and third assignments of error for review. *Page 4 
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING DEFENDANT-APPELLANT [SIC] REQUEST TO BE PROPERLY ARRAIGNED IN COMPLIANCE WITH OHIO R. CRIM. P. 10.
 {¶ 8} In her first assignment of error, Monnette argues that the trial court erred in denying her request to be re-arraigned in compliance with Crim. R. 10. Monnette argues that she was never present in open court as required by Crim. R. 10(A), and that neither she nor the prosecuting attorney consented to the entry of a written not guilty plea as required by Crim. R. 10(B).
 {¶ 9} The City of Marion, on the other hand, argues that Monnette filed a written plea of not guilty wherein she waived the reading of the complaint and acknowledged receipt of a copy thereof. The City also agues that a formal arraignment is not constitutionally required so long as the defendant knew the nature of the charges against her and was able to adequately defend herself. The City maintains that Monnette had notice of the charges from the complaints and waived her right to be personally arraigned. The City also points out that Monnette only objected to not being "properly arraigned" after the trial court denied her motion to suppress as untimely.
 {¶ 10} Monnette's assignment of error lacks merit for three reasons. First, contrary to her assertions, Monnette did provide written consent to waive the arraignment procedure, specifically the reading of the complaint, when her *Page 5 
attorney filed a "demand of trial by jury" with the municipal court. (Doc. No. 3). Ohio Crim. R. 10(B)(1) provides:
 The defendant must be present, except that the court, with the written consent of the defendant and the approval of the prosecuting attorney, may permit arraignment without the presence of the defendant, if a plea of not guilty is entered.
(Emphasis added). Monnette suggests that Crim. R. 10(B)(1) required that both her and her attorney sign the arraignment waiver. (Appellant's Brief at 3). We disagree. The plain language of the rule imposes no such requirement. Compare Rule 10(b)(2) of the Federal Rules of Criminal Procedure ("* * * a written waiver signed by both the defendant and defense counsel * * *"). Furthermore, Monnette is bound by her attorney's consent to permit arraignment without her presence. State v.Mayle, 10th Dist. No. 01AP-978, 2002-Ohio-2089, ¶ 11, citing GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 152,351 N.E.2d 113.
 {¶ 11} Second, even assuming that the trial court's failure to arraign Monnette was error, it is not reversible error as it did not affect a substantial right. State v. Grawford (Mar. 10, 1981), 3d Dist. No. 12-80-4, at *2; State v. Adkison (Apr. 8, 1981), 9th Dist. No. 9869, at *1-2; Westcoat v. State (1934), 47 Ohio App. 266, 191 N.E. 816;Ingham v. State (1929), 35 Ohio App. 311, 318-19, 172 N.E. 401. See, also, City of Hamilton v. Brown (1981) 1 Ohio App.3d 165,440 N.E.2d 554; Kelly v. State (1930) 37 Ohio App. 524, 174 N.E. 596; State v.Yenser, *Page 6 176 Ohio App.3d 1, 2008-Ohio-1145, 889 N.E.2d 581, ¶ 8, citing State v.Brown (1992), 65 Ohio St.3d 483, 485, 605 N.E.2d 46 ("any error will be deemed harmless if it did not affect the accused's `substantial rights.'"). The lack of a formal arraignment does not deprive the accused of a substantial right so long as he has notice of the nature of the charges against him and an adequate opportunity to defend himself.U.S. v. Lalonde (C.A.6, 2007), 509 F.3d 750, 758, citing U.S. v.Garland (1914), 232 U.S. 642, 645, 34 S.Ct. 456, 58 L.Ed. 772; U.S. v.Clark (C.A.4, 1969), 407 F.2d 1336, 1337; U.S. v. Rogers (C.A.5, 1972),469 F.2d 1317, 1318; U.S. v. Mancias (C.A.8, 2003), 350 F.3d 800, 807;U.S. v. Romero (C.A.9, 1981), 640 F.2d 1014, 1015; U.S. v. Coffman
(C.A.10, 1977), 567 F.2d 960, 961. Other states have applied this rule as well. Jones v. Com. (Ky. 2008), No. 2007-SC-000147-MR,2008 WL 4601237; State v. Leenhouts (2008), 218 Ariz. 346, 348, 185 P.3d 132;State v. Cadorette (2003), 175 Vt. 268, 826 A.2d 101; State v. O.P.
(2000), 103 Wash. App. 889, 13 P.3d 1111; Ashley v. State (1986),493 N.E.2d 768; Com. v. Banks (1971), 447 Pa. 356, 360-61, 285 A.2d 506;Hack v. State (1910), 141 Wis. 346, 124 N.W. 492. Here, Monnette acknowledged receipt of the complaints, all of which provided notice of the applicable revised code sections and a brief statement of alleged offense. (Doc. Nos. 1, 3). Monnette was also represented by counsel throughout the proceedings, who filed multiple motions on her behalf. (Doc. Nos. 3, 6, 11, 14, 16, 17). In fact, counsel was even able to negotiate a plea agreement, which dropped two (2) of the three (3) charges. *Page 7 
(Doc. No. 20); (Oct. 1, 2007 Tr. at 4). Accordingly, Monnette had notice of the nature of the charges against her and an adequate opportunity to defend against them; and therefore, she was not deprived any substantial right by the trial court's failure to provide her an arraignment.
 {¶ 12} Third, the reason Monnette was not provided an arraignment was due to her own malfeasance in failing to appear. Instead of issuing a bench warrant for her arrest, the trial court allowed Monnette, through counsel, to submit a written plea of not guilty. (Doc. No. 3). Having found grace in the trial court, she now seeks to use the trial court's failure to arraign her as grounds for reversal. Furthermore, we are also cognizant of the fact that Monnette failed to raise this issue with the trial court until after it denied her motion to suppress as untimely. Apparently, Monnette was attempting to have a new arraignment in order to file a timely motion to suppress. However, Monnette invited the alleged error upon which she now appeals. "Under the invited error doctrine, a party will not be permitted to take advantage of an error which [sic] he himself invited or induced the trial court to make."State v. Ransom, 3d Dist. No. 15-06-05, 2006-Ohio-6490, ¶ 14, citations omitted. Therefore, this Court will not find reversible error for the trial court's failure to arraign Monnette.
 {¶ 13} For all these reasons, Monnette's first assignment of error is overruled. *Page 8 
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WITHOUT AN EVIDENTIARY HEARING.
 ASSIGNMENT OF ERROR NO. III THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING THE DEFENDANT-APPELLANT'S REQUEST FOR EXTENSION OF TIME TO FILE HER PRETRIAL MOTION.
 {¶ 14} In her second assignment of error, Monnette argues that the trial court erred in denying her motion to suppress since it was filed more than seven (7) days prior to trial. Monnette argues that Crim. R. 12(D)'s seven-day rule applies instead of its thirty-five day rule since she was never arraigned. The State, on the other hand, argues that the thirty-five day rule applies, and, as such, Monnette filed untimely.
 {¶ 15} In her third assignment of error, Monnette argues that the trial court abused its discretion by not granting leave to file her suppression motion. Monnette alleges that the State's discovery response was delayed and, as such, the trial court should have granted her leave to file the motion. The State contends that it promptly provided discovery, and thus, the trial court did not abuse its discretion in denying Monnette leave to file her motion.
 {¶ 16} A motion to suppress is a pre-trial motion. Crim. R. 12(C)(3). Crim. R. 12(D) provides that: *Page 9 
 All pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
(Emphasis added). Failure to move for the suppression of evidence on the basis that it was illegally obtained within Crim. R. 12(D)'s time limit constitutes a waiver of the error. State v. Campbell (1994),69 Ohio St.3d 38, 44, 630 N.E.2d 339; Crim. R. 12(H).
 {¶ 17} The trial court's decision whether to permit leave to file an untimely motion to suppress is within its sound discretion. Akron v.Milewski (1985), 21 Ohio App.3d 140, 142, 487 N.E.2d 582. Appellate review is, therefore, limited to whether the trial court abused its discretion in rendering its decision. Id. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748.
 {¶ 18} Since she was never arraigned, Monnette argues that her motion was timely filed under Crim. R. 12(D) because it was filed more than seven (7) days before trial. Monnette's calculation of time is correct, but her rule of law is incorrect. The trial was scheduled for July 9, 2008, and Monnette filed her motion to suppress on June 20, 2008. (Doc. Nos. 10, 11). Thus, Monnette's motion was *Page 10 
filed more than seven (7) days before trial; however, Crim. R. 12(D)'s thirty-five (35) day rule applies here since Monnette waived arraignment. State v. Hammitt (Oct. 20, 2000), 6th Dist. No. OT-00-020, at *3 (applying 35-day rule from date of waiver). Monnette was scheduled for arraignment on May 13, 2008 but failed to appear. The trial court allowed her to file a written plea of not guilty on May 14, 2008, wherein she waived the reading of the complaint and acknowledged her receipt of a copy of the complaint. (Doc. No. 3). Thirty-five (35) days from May 14th is June 18th; therefore, Monnette's motion to suppress was untimely, and the trial court did not err by overruling it.
 {¶ 19} Monnette next argues that the trial court should have granted her leave to file a delayed motion to suppress in the interests of justice because the State provided late discovery. This argument lacks merit. Although a trial court may abuse its discretion by denying leave to file a delayed suppression motion when the defendant was not provided requested discovery and the pre-trial motion deadline has passed, the record here demonstrates that Monnette was provided discovery twenty-eight (28) days before the deadline. City of Xenia v.McDaniel (May 28, 1999), 2nd Dist. No. 98-CA-129, at *2, citingState v. Sargent (Aug. 17, 1994) 2nd Dist. No. 3042. Monnette filed her discovery request on May 16, 2008, and the State provided discovery on May 21, 2008. (Doc. Nos. 6, 9). As found supra, Monnette's motion to suppress was due June 18, 2008, which means that the State provided discovery twenty-eight (28) days before the motion was due. *Page 11 
Under these circumstances, the trial court did not abuse its discretion by denying Monnette leave to file a delayed motion to suppress.
 {¶ 20} Monnette's second and third assignments of error are, therefore, overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 ROGERS and SHAW, J.J., concur. *Page 1